**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

NEIL STANICH, BOBBIE JEAN STANICH
and DANTE FREZZA, on behalf of
themselves and all others similarly situated,

                    Plaintiffs,

     v.

TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY and THE
STANDARD FIRE INSURANCE
COMPANY,

                 Defendants.

CASE NO. 06 CV 0962

JUDGE KATHLEEN M. O'MALLEY

CLASS ACTION

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT OR, IN THE**
**ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS**

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................................... 1

     A.      Summary Of Allegations In The Complaint ......................................... 2

     B.      Related Litigation ................................................................................. 4

II.     TRAVELERS' RECYCLED MOTION TO DISMISS IS MERITLESS
     BECAUSE IT SEEKS TO RELITIGATE ARGUMENTS ALREADY
     REJECTED BY THIS COURT. ........................................................................ 5

III.    TRAVELERS' MOTION TO STRIKE THE CLASS ALLEGATIONS IS
     MERITLESS BECAUSE IT CONSTITUTES A PREMATURE EFFORT TO
     LITIGATE CLASS CERTIFICATION, AND BECAUSE THE CLAIMS
     ASSERTED HERE ARE QUINTESSENTIALLY APPROPRIATE FOR CLASS
     RESOLUTION. .............................................................................................. 6

     A.      Motions To Strike Are Disfavored And Infrequently Granted, And Are
         Particularly Inappropriate For Determination Of Class Certification Issues. ........ 6

     B.      Travelers Incorrectly Argues That Its Duty To Disclose Its Rates For
         Homeowner's Insurance Cannot Be Established On A Classwide Basis. ............. 9

     C.      Travelers Incorrectly Argues That The Reliance Element of Plaintiffs'
         Fraudulent Concealment Claim Precludes Class Certification. ........................... 12

     D.      Plaintiffs Are Members Of The Class They Seek To Represent Because
         Travelers' Deceptive Sales Scheme – The Creation And Implementation
         Of The Tiered Pricing Structure – Harmed Them And All Class Members. ...... 14

     E.      Travelers' Argument Against Nationwide Certification Of Fraudulent
         Concealment Claims Also Improperly Attempts To Prematurely Litigate
         Class Certification In A Vacuum. ....................................................................... 16

IV.     CONCLUSION ............................................................................................ 18

# TABLE OF AUTHORITIES

**Page**

## CASES

*Adams v. Kansas City Life Ins. Co.*,
   192 F.R.D. 274 (W.D. Mo. 2000) ........................................................................................ 12

*Advent v. Allstate Ins. Co.*,
   2006 WL 1495066, 2006-Ohio-2743 (Ohio Ct. App. June 1, 2006) ..................................... 12

*Alliance to End Repression v. Rockford*,
   565 F.2d 975 (7th Cir. 1977) ............................................................................................... 16

*Anchor v. O'Toole*,
   94 F.3d 1014 (6th Cir. 1996) ............................................................................................... 11

*Bradberry v. John Hancock Mut. Life Ins. Co.*,
   222 F.R.D. 568 (W.D. Tenn. 2004) ..................................................................................... 14

*Bureerong v. Uvawas*,
   922 F. Supp. 1450 (C.D. Cal. 1996) ...................................................................................... 7

*Carpenter v. Kaiser Foundation Health Plan of Ohio, Inc.*,
   2005 WL 1123611 (N.D. Ohio May 11, 2005) ...................................................................... 5

*Castano v. American Tobacco Co.*,
   84 F.3d 734 (5th Cir. 1996) ................................................................................................. 14

*Chilton Water Authority v. Shell Oil Co.*,
   1999 WL 1628000, 1999 U.S. Dist. LEXIS 21595 (M.D. Ala. May 21, 1999) .................... 16

*Coleman v. General Motors Acceptance Corp.*,
   220 F.R.D. 64 (M.D. Tenn. 2004) ....................................................................................... 11

*Conley v. Gibson*,
   255 U.S. 41 (1957) ................................................................................................................ 5

*Cope v. Metro. Life Ins. Co.*,
   82 Ohio St. 3d 426, 696 N.E.2d 1001 (1998) ...................................................................... 10

*Craggett v. Adell Ins. Agency*,
   92 Ohio App. 3d 443, 635 N.E.2d 1326 (Ohio Ct. App. 1993) ............................................ 11

*Damon's Missouri, Inc. v. Davis*,
   63 Ohio St. 3d 605, 590 N.E.2d 254 (Ohio 1992) ............................................................... 11

## TABLE OF AUTHORITIES
### (continued)

Page

*East Tex. Motor Freight Sys. v. Rodriguez*,
    431 U.S. 403 (1977).................................................................................... 15, 16

*F.D.I.C. v. Niblo*,
    821 F. Supp. 441 (N.D. Tex. 1993) ..................................................................... 7

*Gillin v. Indiana Insurance Co*.,
    Case No. CA 17108, 1998 Ohio App. LEXIS 5039 ........................................... 11

*Goldy v. Auto Owners Ins. Co.*,
    CV-03-518258, Court of Common Pleas, Cuyahoga County, Ohio ............................. 4

*Gordon v. Integon Corporation*,
    02-CA-4194, Circuit Court of the 1st Judicial Circuit, Okaloosa County, FL ...................5

*Guillory v. Am. Tobacco Co*.,
    No. 97-C-8641, 2001 U.S. Dist. LEXIS 3353, 2001 WL 290603
    (N.D. Ill. March 20, 2001)…………………………………………………………15

*Green v. Wolf Corp.*,
    406 F.2d 291 (2d Cir. 1968)............................................................................ 17

*Gyori v. Johnston Coca-Cola Bottling Group, Inc*.,
    Case No. L-94-078, 1995 Ohio App. LEXIS 1714 (Ohio Ct. App. April 28,
    1995) ........................................................................................................ 11

*Heller Financial, Inc. v. Midwhey Powder Co., Inc.*,
    883 F.2d 1286 (7th Cir. 1989) ........................................................................... 7

*Hickey v. Great Western Mortgage Corporation*,
    1995 WL 121534 (N.D. Ill. Mar. 17, 1995)......................................................... 11

*In re American Med. Sys*.,
    75 F.3d 1069 (6th Cir. 1996) ............................................................................ 14

*In re Healthsouth Corp. Sec. Litig.*,
    No. CV-98-J-2634-S, 2000 WL 34211319 (N.D. Ala. Dec. 13, 2000) .................................. 7

*In re Prudential Sales Practices Litig.*,
    148 F.3d 283 (3d Cir. 1998)............................................................................. 13

# TABLE OF AUTHORITIES
## (continued)

Page

*Int'l Longshoremen's Ass'n v. Virginia Intern. Terminals, Inc.*,
   904 F. Supp. 500 (E.D. Va. 1995) ............................................................. 7

*Jones v. Diamond*,
   519 F.2d 1090 (5th Cir. 1975) ................................................................ 8

*Karpowicz v. General Motors Corp.*,
   No. 97 C 1390, 1997 WL 285943 (N.D. Ill. May 23, 1997) ................................. 8

*Killman v. Safeco Ins. Co. of America*,
   Case No. 02-L-176, 3rd Judicial Circuit, Williamson County, IL ...........................4, 5

*Kline v. The Progressive Corp.*,
   Case No. 02-L-6, Circuit Court of the First Judicial District, Johnson County, Illinois ........4

*Krieger v. Gast*,
   197 F.R.D. 310 (W.D. Mich. 2000) .......................................................... 14

*Logsdon v. Natl. City Bank*,
   62 Ohio Misc. 2d 449, 601 N.E.2d 262 (1991).............................................. 10

*Mack v. General Motors Acceptance Corp.*,
   169 F.R.D. 671 (M.D. Ala. 1996) ..................................................... 11, 14, 17

*Parker v. Time Warner Entertainment*,
   331 F.3d 13 (2d Cir. 2003)..................................................................... 8

*Ross-Randolph v. Allstate Ins.*,
   2001 U.S. Dist. LEXIS 25645 (D. Md. May 11, 2001) ....................................... 14

*Scheid v. Fanny Farmer Candy Shops*,
   859 F.2d 434 (6th Cir. 1988) ................................................................. 5

*Sprague v. General Motors Corp.*,
   133 F.3d 388 (6th Cir. 1998) ................................................................ 14

*Stanbury Law Firm v. I.R.S.*,
   221 F.3d 1059 (8th Cir. 2000) ................................................................ 7

*Stubbs v. McDonald's Corp.*,
   224 F.R.D. 668 (D. Kan. 2004)............................................................... 9

- iv -

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Szabo v. Bridgeport Machines, Inc.*,
    249 F.3d 672 (7th Cir. 2001) ......................................................................... 8

*Teachers Ins. & Annuity Ass'n of America v. Northridge Corp.*,
    55 F.R.D. 1 (E.D. Wis. 1972) ....................................................................... 7

*Thompson v. Kindred Nursing Centers East, LLC*,
    211 F. Supp. 2d 1345 (M.D. Fla. 2002)....................................................... 7

*Wright v. Travelers,*
    Case No. 03-L-2, 1st Judicial Circuit, IL ………………………………………………3, 4

*Vos v. Farm Bureau Life Ins. Co.*,
    667 N.W. 2d 36 (Iowa 2003) ....................................................................... 12

*Yaffe v. Powers*,
    454 F.2d 1362 (1st Cir. 1972)....................................................................... 8

*Zangara v. Travelers Indem. Co. of America*,
    423 F. Supp. 2d 762 (N.D. Ohio 2006)................................................. 1, 5, 6, 10

*Zangara v. Travelers,*
    2006 WL 825231, 2006 U.S. Dist. LEXIS 14218 (March 30, 2006) ...................... 1

**RULES**

Federal Rules of Civil Procedure
    Rule 12(b) ................................................................................................. 16

Federal Rules of Civil Procedure
    Rule 12(b)(6).............................................................................................. 4

Federal Rules of Civil Procedure
    Rule 12(f) ................................................................................................... 6

Federal Rules of Civil Procedure
    Rule 23 ................................................................................................. 7, 16

Federal Rules of Civil Procedure
    Rule 23(b)(2)............................................................................................. 20

**TABLE OF AUTHORITIES**
**(continued)**

Page

Federal Rules of Civil Procedure
    Rule 23(b)(3).................................................................................................................. 12

**TREATISES**

1 Newberg § 4.26 at 4-104.......................................................................................... 8

5C Wright & Miller, Fed. Prac. & Proc. § 1380......................................................... 4

I.    __INTRODUCTION__

Defendant Travelers'[1] pending motions to dismiss and to strike are meritless because they attempt (1) to relitigate identical issues already decided by this Court in the predecessor *Zangara v. Travelers*[2] litigation and (2) to prematurely argue class certification.

First, despite the Court's warning not to do so, Travelers asks the Court to abandon its earlier ruling denying the arguments set forth in the motion to dismiss.  This Court has explicitly admonished the parties not to seek reconsideration of issues already decided in the predecessor *Zangara* litigation.[3]  In *Zangara*, aware of the likelihood that this (or another) new plaintiff would likely assert identical claims against the Travelers parent company, "[t]he Court caution[ed] . . . that, to the extent that substantially similar arguments are raised in a future action, *this opinion is not an invitation for parties to ask the Court to reconsider matters already ruled upon.*"  2006 WL 825231, at *3, 2006 U.S. Dist. LEXIS 14218 (March 30, 2006) (emphasis added).  Travelers' request that this Court reverse itself on matters already well-considered is inappropriate and groundless.  This Court has already rejected Travelers' arguments that (a) plaintiffs can assert no claim for fraud under these facts, because it owes no duty to disclose based on its fiduciary relationship or its position of superior knowledge, (b) plaintiffs can assert no claim for unjust enrichment under these facts, (c) the Complaint is barred by filed rate doctrine, and (d) the Complaint is barred by the doctrine of primary jurisdiction.

---

[1] The named Defendant entities Travelers Property Casualty Insurance Company ("TPCIC") and The Standard Fire Insurance Company ("Standard") are collectively referred to herein as "Travelers."

[2] On March 16, 2006, this Court denied Travelers' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Zangara v. Travelers Indem. Co. of America*, 423 F. Supp. 2d 762 (N.D. Ohio 2006). That matter is hereinafter referred to as the predecessor *Zangara* litigation.

[3] *Zangara* involved identical claims alleged in a substantially similar complaint against the same defendants, except that Standard here replaces another corporate subsidiary of TPCIC sued in *Zangara*. The Court denied Travelers' first motion to dismiss in a 24-page order.  (It is a substantially identical motion that is now again before the Court in this successor case.)  Later, the Court dismissed *Zangara*, because the plaintiff lacked standing and was not a member of the proposed class.  In doing so, the Court was aware that the plaintiff had identified another Travelers customer who likely had standing and hoped to participate as a plaintiff and class representative in the litigation.

Second, Travelers' motion to strike should be denied because it prematurely seeks to litigate class certification, which Plaintiffs have not yet put before the Court, and because Travelers cannot meet the relevant standard – that the pleading contains material that is "redundant, immaterial, impertinent, or scandalous."  Travelers mischaracterizes the allegations, injecting tangential issues to distract from the core common questions addressed in the Complaint.  Because Travelers is unable to show that this drastic remedy is appropriate here, its motion to strike should be denied.

A.    **Summary Of Allegations In The Complaint**

As the Complaint describes, Travelers "coordinated to implement, and participated in, a single unlawful scheme by which they deceived Plaintiffs and Class members into purchasing higher-priced Travelers homeowner's insurance policies by concealing from them the availability of lower-priced Travelers policies that offer identical coverage and service and that differ only in price."  Complaint, ¶ 8.  Defendant TPCIC wholly owns Defendant Standard.  Complaint, ¶ 4.

In approximately 2000 Plaintiffs Neil and Bobbie Jean Stanich purchased a homeowner's insurance policy from Defendant The Standard Fire Insurance Company ("Standard Fire"), and were quoted a higher price for their policy, even though they qualified for identical insurance at a lower price.  Complaint, ¶¶ 1, 12.  In approximately 2002, Plaintiff Dante Frezza also purchased a Standard Fire homeowner's insurance policy.  *Id*.  Since 2000 and 2002, respectively, the Stanichs and Frezza have renewed their Standard Fire insurance policies.  *Id*.  Though Plaintiffs qualified for identical (but lower-priced) Travelers homeowner's insurance policies, this obviously-material fact was concealed from them, at initial purchase to Mr. Frezza and for all when they renewed their policies, pursuant to the uniform deceptive sales scheme that Travelers created, and continues to this day.  Complaint, ¶¶ 8, 12.  Unaware that they could

purchase identical Travelers homeowner's insurance for less money, Plaintiffs purchased the higher-priced insurance.  *Id.*  This same deception was perpetrated on all Class members, as was the intended result of Travelers' deceptive sales scheme.  Complaint, ¶¶ 13, 19.

In each state where Travelers' subsidiaries or affiliates sell identical homeowner's insurance at multiple prices, Travelers utilizes a purportedly "separate" company, such as Standard Fire, to sell insurance at each of its rates, or prices.  Complaint, ¶ 11.  Travelers periodically acquires, sells, creates and discontinues these companies, as necessary, to continue selling identical insurance at multiple prices.  Complaint, ¶ 27.  For the most part, Travelers' subsidiaries and affiliates have few or no employees or offices separate or apart from the managing or lead company, and are mere constructs established to facilitate the deceptive sales scheme described herein.  *Id.*

Travelers exercises control over its agents' sales process, by designing and providing to its agents the computer software used to generate multiple quotes for identical Travelers homeowner's insurance.  Complaint, ¶¶ 14-15.  Travelers pays sales commissions to its agents, which are based on the price of the policies sold.  Complaint, ¶ 11.  Travelers offers its agents a financial incentive, higher commissions, for selling Travelers' higher-priced homeowner's insurance by concealing lower-priced Travelers policies that offer identical coverage and service.  *Id.*[4]

The remainder of the Complaint describes in greater detail how Travelers implemented its scheme, and how Travelers created a sales structure and used specific sales practices that were designed to and did in fact deceive Plaintiffs and the Class members.

---

[4] These allegations, as well as Plaintiffs' claims herein, are substantially similar to those in *Wright v. Travelers Property Casualty Insurance Company of Illinois and Travelers Property Casualty Insurance Company* ("*Wright v. Travelers*"), Case No. 03-L-2 in the Circuit Court of the First Judicial Circuit, Alexander County Illinois, which Travelers settled last year.  The class litigation and settlement in *Wright v. Travelers,* which involved Travelers' alleged scheme to sell identical Travelers auto insurance at multiple prices, is discussed more fully below.

Although discovery has just recently commenced in the instant litigation, documents produced by Travelers in *Wright v. Travelers* support these allegations.

Plaintiffs assert claims for fraudulent concealment and unjust enrichment under Ohio law.  Plaintiffs seek disgorgement, damages, punitive damages, as well as equitable relief enjoining Travelers from continuing these deceptive practices.

### B.    <u>Related Litigation</u>

Moreover, Travelers' arguments have been rejected by other courts, in cases involving similar facts (allegedly deceptive scheme to conceal identical lower-priced auto insurance). For example, in *Wright v. Travelers*, the trial court denied Travelers' motion to dismiss based on the same arguments as in Defendants' instant motions.  *See* Declaration of Daniel P. Goetz, ¶2, Exs. A, B & C.

After denying such motions to dismiss, other courts have certified both litigation and settlement classes, and entered classwide judgments.  In *Wright v. Travelers*, the court certified a settlement class on December 16, 2004, and granted final approval to the settlement on February 18, 2005.  The *Wright* class included over 200,000 persons in 14 states challenging Travelers Insurance's auto insurance sales practices, which were identical to those described in the Complaint.  The court's certification and final approval orders are now final.  *See* Goetz Decl.  Other courts in Ohio, Illinois and Florida have certified similar classes.[5]

---

[5] In *Goldy v. Auto Owners Ins. Co.*, Case No. CV-03-518258 in the Court of Common Pleas, Cuyahoga County, Ohio, the court certified a settlement class on March 18, 2004, and granted final approval to the settlement on June 17, 2004.  The *Goldy* class included approximately 219,408 persons in 17 states challenging the same type of deceptive insurance scheme at issue in this case.  The court's certification and final approval orders are final.  *See* Goetz Decl., Ex. D.

Also, in *Kline v. The Progressive Corp.*, Case No. 02-L-6, in the Circuit Court of the First Judicial District, Johnson County, Illinois, the court certified a multi-state settlement class on August 29, 2002 and granted final approval to the settlement on November 14, 2002.  The *Kline* class included an estimated 11.1 million persons in 44 states and the District of Columbia, challenging the same type of deceptive insurance scheme at issue in this case.  The court's certification and final approval orders are final.  *See* Goetz Decl., Ex. E.

Similarly, in *Killman v. Safeco Ins. Co. of America*, Case No. 02-L-176 in the Circuit Court of the Third Judicial Circuit, Williamson County, Illinois, the court certified a settlement class on April 9, 2003,

## II.  TRAVELERS' RECYCLED MOTION TO DISMISS IS MERITLESS BECAUSE IT SEEKS TO RELITIGATE ARGUMENTS ALREADY REJECTED BY THIS COURT.

Under Fed. R. Civ. P. 12(b)(6), Travelers must establish that Plaintiffs have pleaded no cognizable claim in their Complaint.  *Carpenter v. Kaiser Foundation Health Plan of Ohio, Inc.,* 2005 WL 1123611, at *1 (N.D. Ohio May 11, 2005) (citing *Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 436 (6th Cir. 1988)).  Dismissal is only appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id.* (quoting *Conley v. Gibson*, 255 U.S. 41, 45-46 (1957).  "A court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff when deciding the motion."  *Id*.

The instant Complaint challenges the same deceptive sales scheme challenged in *Zangara*.  The underlying facts, claims, and legal issues are materially indistinguishable.  Only the proposed Class representatives and the subsidiary Defendant entity named differ.  The Complaint, as before, provides adequate information to set forth claims for relief and to provide Travelers of notice of the claims brought against it.  As this Court held in *Zangara*, "[t]he fifty-two paragraph Complaint contains more than sufficient allegations to make Travelers aware of the substance of Plaintiffs' claims."  423 F. Supp. 2d at 771.  The fifty-two paragraph Complaint in this case is equally adequate.  Moreover, as this Court noted in *Zangara*, the details of Plaintiffs' purchases of Travelers homeowner's insurance is "information to which Travelers has significantly better access," and will doubtless be the subject of discovery.  *Id*.

---

and gave final approval to the settlement on June 18, 2003.  The *Killman* class included approximately 265,049 persons in 21 states, challenging the same type of deceptive insurance scheme at issue in this case.  The court's certification and final approval orders are final.  *See* Goetz Decl., Ex. F.

Most recently, in *Gordon v. Integon Corporation*, Case No. 02-CA-4194 in the Circuit Court of the First Judicial Circuit, Okaloosa County, Florida, the court granted plaintiff's motion for class certification, and certified a litigation class on May 25, 2005.  In *Gordon,* a Florida class is challenging the same type of deceptive insurance scheme at issue in this case.  *See* Goetz Decl., Ex. G.  That case is currently being appealed.

Plaintiffs, who were not parties in *Zangara*, hereby adopt the arguments in Plaintiffs' Memorandum in Opposition to Travelers' Motion to Dismiss in *Zangara*.  For the same reasons set forth therein and in this Court's order denying the motion to dismiss in *Zangara*, Travelers' redundant motion to dismiss should be again denied.

**III.**     **TRAVELERS' MOTION TO STRIKE THE CLASS ALLEGATIONS IS MERITLESS BECAUSE IT CONSTITUTES A PREMATURE EFFORT TO LITIGATE CLASS CERTIFICATION, AND BECAUSE THE CLAIMS ASSERTED HERE ARE QUINTESSENTIALLY APPROPRIATE FOR CLASS RESOLUTION.**

Travelers' motion to strike should be denied for several reasons.  First, motions to strike, which are disfavored and infrequently granted, are particularly inappropriate for determination of class certification issues.  Second, Travelers attempts to resolve as matters of law factual disputes, concerning the fiduciary relationship between Travelers and Plaintiffs, that must be decided on a full record.  Third, Travelers misstates the law concerning the reliance element of Plaintiffs' fraudulent concealment claim.  Fourth, Travelers incorrectly argues that Plaintiffs are not members of the class they seek to represent.  Fifth, Travelers incorrectly argues that claims for fraudulent concealment are uncertifiable as a matter of law.

**A.**     **Motions To Strike Are Disfavored And Infrequently Granted, And Are Particularly Inappropriate For Determination Of Class Certification Issues.**

Motions to strike are disfavored and infrequently granted.  A court may strike "any redundant, immaterial, impertinent, or scandalous material in any pleading."  Fed. R. Civ. P. 12(f).  "[A]s the cases make clear, it is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint."  5C Wright & Miller, Fed. Prac. & Proc. § 1380 (collecting cases).  "A motion to strike is a drastic remedy[,] which is disfavored by the courts." *Thompson v. Kindred Nursing Centers East, LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations and citations omitted); *Int'l Longshoremen's Ass'n v. Virginia Intern.*

*Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995) ("[E]ven a properly made motion to

strike is a drastic remedy which is disfavored by the courts and infrequently granted.").  This

preference for denying motions to strike derives in part from the judicial preference for resolving

matters on their merits, and skepticism about improper dilatory tactics.  *Stanbury Law Firm v.*

*I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000); *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*,

883 F.2d 1286 (7th Cir. 1989); *Bureerong v. Uvawas*, 922 F. Supp. 1450 (C.D. Cal. 1996);

*F.D.I.C. v. Niblo*, 821 F. Supp. 441 (N.D. Tex. 1993).

       Therefore, to succeed on a motion to strike, the defendant must show that the

allegations being challenged are so unrelated to the plaintiff's case as to be unworthy of any

consideration.  Wright & Miller § 1380.  A motion to strike a portion of a pleading will not be

granted unless it is clear that it can have no possible bearing upon the subject matter of the

litigation.  *See e.g., Teachers Ins. & Annuity Ass'n of America v. Northridge Corp.*, 55 F.R.D. 1,

2 (E.D. Wis. 1972).  If there is any doubt as to whether, under any contingency, the portion of

the pleading may raise an issue, the motion to strike should be denied.  Id.  "[A] court will not

exercise its discretion . . . to strike a pleading unless the matter sought to be omitted has no

possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."

*In re Healthsouth Corp. Sec. Litig.*, No. CV-98-J-2634-S, 2000 WL 34211319, *52 (N.D. Ala.

Dec. 13, 2000).

       Travelers here fails to address the motion to strike standard or identify material

that is "redundant, immaterial, impertinent, or scandalous."  In fact, Travelers' motion sounds in

Fed. R. Civ. P. 23, rather than Rule 12(f).  *Karpowicz v. General Motors Corp.*, No. 97 C 1390,

1997 WL 285943, at *3 (N.D. Ill. May 23, 1997) (denying a motion to strike class allegations as

premature and holding that motion to strike class allegations arises under Rule 23(c) rather than

Rule 12(f)).  But such a determination would be premature.  The parties have not yet presented

the Court with discovery on class issues, or full briefing on the propriety of classwide resolution

of the claims at issue.

> Before deciding whether to allow a case to proceed forward as a
> class action, therefore, a judge should make whatever factual and
> legal inquiries are necessary under Rule 23. . . .  A judge would not
> and could not accept the plaintiff's assertion as conclusive; instead
> the judge would receive evidence (if only by affidavit) and resolve
> the disputes before deciding whether to certify the class.

*Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001).

The determination of class certification issues at the pleading stage is thus

strongly disfavored because there is no record.  It is well-settled that the decision on certification

should be deferred until the class certification stage and until the completion of class-related

discovery so as to permit the Court to make a decision based on an adequate record with the

fullest possible factual background.  *Parker v. Time Warner Entertainment*, 331 F.3d 13, 22 (2d

Cir. 2003).  Once the Court has the benefit of the Plaintiffs' motion to certify and is presented

with the relevant evidence, the Court will be in a position to exercise its informed decision

regarding the propriety of class certification.  *Id.*  Thus, at this early stage of the litigation, the

Court "should err in favor of and not against the maintenance of the class action."  *Jones v.

Diamond*, 519 F.2d 1090, 1098 (5th Cir. 1975) (internal quotations and citations omitted).

Striking class allegations cannot conceivably "enable the litigation to go forward with maximum

effectiveness from the view point of judicial administration."  *Yaffe v. Powers*, 454 F.2d 1362,

1367 (1st Cir. 1972).  Thus, Travelers' motion to strike constitutes a premature effort to litigate

the question of class certification before Plaintiffs have had the opportunity to present their

affirmative class certification arguments to the Court.

Travelers presents no compelling authority to the contrary.  For example, Travelers' reliance on *Stubbs v. McDonald's Corp*., 224 F.R.D. 668 (D. Kan. 2004), is misplaced.  There, the court found that the plaintiff could prove no facts showing his adequacy as a Title VII plaintiff for four of his six class claims because he had failed to exhaust his administrative remedies by alleging each of the six claims in his EEOC charge of discrimination. *Id*. at 674.  The court also noted that his proposed class was, on its face, overly broad and vague, encompassing "all African-American McDonald's employees at all locations, potentially both domestic and foreign, since 1996."  *Id*. at 675.  The *Stubbs* court pointed to the "myriad individual considerations" implicated by a racial discrimination class action involving hundreds of restaurants across the country.  *Id*.  Such individualized issues are not present here, where the centralized deceptive sales scheme harmed customers identifiable from Travelers' own databases.

**B.    Travelers Incorrectly Argues That Its Duty To Disclose Its Rates For Homeowner's Insurance Cannot Be Established On A Classwide Basis.**

In *Zangara*, Travelers attempted to disavow any duty to disclose its rates for homeowner's insurance to its insureds.  Travelers simultaneously argued that its legally mandated disclosure of its rates to the Ohio Department of Insurance (the "DOI") was sufficient to have fully informed Plaintiffs and Class Members – if they had simply traveled to Columbus and pored through hundreds of pages of microfiche files, accompanied by an expert who could have discerned every available rate for which Plaintiffs qualified.  This Court rejected these arguments, and held that Zangara had properly alleged both Travelers' fiduciary duty and a duty to disclose based on superior knowledge and a partial misleading disclosure.  This Court further observed that, under Ohio law, "the existence of a fiduciary relationship is, in part, a factual question."  *Zangara*, 423 F. Supp. 2d at 769.  "As such, it is not appropriately resolved at the

pleadings stage, provided that Plaintiffs' Complaint otherwise satisfies the relevant pleading requirements." *Id.*

Travelers now flouts this ruling and attempts to argue that the question of its duty should be resolved at the pleading stage.  That effort ignores the plain language of the Complaint, this Court's holding in *Zangara*, and the law of Ohio.  Travelers' duty can and will be proved on a classwide basis.

The Ohio Supreme Court has ruled that a fraud claim for failure to disclose can proceed on a classwide basis, and in fact that failure to certify such a claim can be an abuse of discretion.  In *Cope v. Metro. Life Ins. Co.*, 82 Ohio St. 3d 426, 696 N.E.2d 1001 (1998), the Ohio Supreme Court reversed a denial of class certification, where insureds alleged that the defendant insurance company committed fraud in intentionally omitting mandatory disclosures in their replacement insurance sales.  *Id.* at 437.  "If the jury finds that a reasonable person under these circumstances would repose special confidence and trust in [defendant] MetLife to disclose material information, it may infer the existence of a fiduciary duty across the entire class."  *Id.* (citing *Logsdon v. Natl. City Bank*, 62 Ohio Misc. 2d 449, 460-61, 601 N.E.2d 262 (1991) (finding that action is maintainable as class action and that a fiduciary duty arises from a relationship "in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust" (internal citations omitted)).

None of the cases cited by Travelers support striking Plaintiffs' class allegations prior to any discovery.

*Gyori v. Johnston Coca-Cola Bottling Group, Inc.*, Case No. L-94-078, 1995 Ohio App. LEXIS 1714 (Ohio Ct. App. April 28, 1995), supports Plaintiffs.  There, the court

held that an independent insurance agent can occupy a dual agency role.  *Id*. at *36-37.  *Coleman v. General Motors Acceptance Corp*., 220 F.R.D. 64 (M.D. Tenn. 2004), does not undermine Plaintiffs' agency theory, because the court there found the plaintiffs' agency theory "needlessly redundant at best," and actually held that the defendant "has acted on grounds generally applicable to the class."  *Id*. at 92-93; *Mack v. General Motors Acceptance Corp*., 169 F.R.D. 671 (M.D. Ala. 1996) (overcharge challenged as discriminatory resulted from back-and-forth negotiation).

Similarly, *Gillin v. Indiana Insurance Co*., Case No. CA 17108, 1998 Ohio App. LEXIS 5039, is inapposite both because the plaintiff was "a business entity . . . presumably sophisticated enough to make its own insurance decisions" and because it "refused to purchase and arrange for such coverage."  *Id*. at **2, 8; *Damon's Missouri, Inc. v. Davis*, 63 Ohio St. 3d 605, 590 N.E.2d 254 (Ohio 1992) (involving allegations of broker's failure to obtain desired insurance coverage).  *Anchor v. O'Toole*, 94 F.3d 1014 (6th Cir. 1996), is distinguishable because it involved an alleged partnership or joint venture to enter into a real estate contract. *Craggett v. Adell Ins. Agency*, 92 Ohio App. 3d 443, 635 N.E.2d 1326 (Ohio Ct. App. 1993), is likewise inapplicable because it does not involve a circumstance in which a deceptive sales scheme categorically precluded the plaintiff from knowing of the existence of a lower-priced identical insurance policy.  *Hickey v. Great Western Mortgage Corporation*, 1995 WL 121534 (N.D. Ill. Mar. 17, 1995), is inapposite because the plaintiff there was informed about the allegedly deceptive fees, and did not allege that the fees were imposed on all other class members.  *Id*. at *2.

Likewise, *Advent v. Allstate Ins. Co*., 2006 WL 1495066, 2006-Ohio-2743 (Ohio Ct. App. June 1, 2006), does not support Travelers' arguments because it involved an insurance

company that employs captive agents, not dual agents as Travelers does, and because the plaintiffs there did not allege a duty based on the partial disclosure of material information from a position of superior knowledge.  *See also Adams v. Kansas City Life Ins. Co.*, 192 F.R.D. 274 (W.D. Mo. 2000) (plaintiff's failure to identify evidence of classwide harm); *Vos v. Farm Bureau Life Ins. Co.*, 667 N.W. 2d 36, 49 (Iowa 2003) (after two years of depositions and production of over 60,000 pages of documents, court found "no evidence of company wide deception").

### C.    Travelers Incorrectly Argues That The Reliance Element of Plaintiffs' Fraudulent Concealment Claim Precludes Class Certification.

Travelers next argues that the reliance element of Plaintiffs' fraudulent concealment claim precludes class certification.  This argument is demonstrably false.  Plaintiffs allege that Defendants created and implemented a single uniform, deceptive national scheme, uniformly concealing the existence of the lower-priced identical insurance policy from its customers.  Complaint, ¶¶ 8-27, 40-48.  Plaintiffs and Class members actually and reasonably relied on Defendants' fraudulent concealment to their detriment, by paying more for their Travelers homeowner's insurance than they would have paid had they known that they could have purchased less expensive, but otherwise identical, Travelers homeowner's insurance.  *Id*. Plaintiffs' fraud claim is susceptible to classwide proof, and may properly be certified under Fed. R. Civ. P. 23(b)(3).  Representations made by Travelers' agents to individual class members are irrelevant to the deceptive sales scheme developed by Travelers.

The Third Circuit's affirmance of a nationwide class action settlement alleging fraud and other common law violations in *In re Prudential Sales Practices Litig.,* 148 F.3d 283 (3d Cir. 1998), is instructive.  There, the Third Circuit affirmed the trial court's finding that an insurance company's national sales scheme presented predominating common issues.  The class

comprised several million life insurance policyholders in 51 jurisdictions.  148 F.3d at 289.  The

plaintiffs alleged common law fraud, unjust enrichment, and other claims, all based on

Prudential's deceptive sales practices.  *Id.* at 314.  The court affirmed class certification under

Rule 23(b)(3), emphasizing that the defendant's "deceptive practices occurred nationwide," and

concluding that "[b]ecause of the extraordinary number of claims, fairness counsels that

plaintiffs similarly injured by the same course of deceptive conduct should receive similar results

with respect to liability and damages."  *Id.* at 290.  The court noted that "[w]here many

purchasers have been defrauded over time by similar misrepresentations, *or by a common

scheme to which alleged non-disclosures related*, courts have found that the purchasers have a

common interest in determining whether the defendant's course of conduct is actionable."  *Id.* at

314-15 (emphasis added) (citations omitted).

      Contrary to Travelers' suggestion, potential individual questions of reliance do

not preclude predominance.  *Id.* at 314-15 (affirming trial court holding that "'reliance is an issue

secondary to establishing the fact of defendant's liability,'" and "can be presumed" because

"'plaintiffs' fraud-based claims stem largely from misleading omissions,'"); 1 Newberg § 4.26 at

4-104 ("Challenges based on . . . reliance have usually been rejected and will not bar

predominance satisfaction because [reliance pertains] to the right of a class member to recover in

contrast to underlying common issues of the defendant's liability.").[6]

      Travelers' case citations are distinguishable, and none of them involve a uniform

scheme to sell identical insurance at multiple prices.  *Sprague v. General Motors Corp.*, 133 F.3d

388, 398 (6th Cir. 1998) (estoppel claims pursuing ERISA plan benefits required proof of

"myriad variations" in statements made to each individual retiree); *In re American Med. Sys.*, 75

---

[6] In addition, as the court noted in *In re Prudential*, Plaintiffs' unjust enrichment claim contains no
reliance element.  *Id.* at 314-15.  For this independent reason, Plaintiffs' class allegations should not be
stricken.

F.3d 1069, 1081 (6th Cir. 1996) (product defect claims concerned "at least ten different models" of subject prosthetic implant, with no common cause of malfunction); *Castano v. American Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996) (district court refused to consider whether nicotine addiction claims of smokers presented individual reliance issues); *Krieger v. Gast*, 197 F.R.D. 310, 319-20 (W.D. Mich. 2000) (fraud claim based on statements and omissions in notice of stock purchase plan distributed to plaintiffs); *Bradberry v. John Hancock Mut. Life Ins. Co.*, 222 F.R.D. 568, 571-72 (W.D. Tenn. 2004) ("no evidence of a uniform course of conduct"; distinguishing *In re Prudential*, "where evidence showed uniform, scripted, and standardized sales presentations, district court found that oral component of presentations did not vary appreciably among class members, and sales agents worked exclusively for defendant, were uniformly trained, and were required to use uniform sales materials"); *Mack v. General Motors Acceptance Corp.*, 169 F.R.D. 671, 677 (M.D. Ala. 1996) (automobile dealers failed to disclose financing agreement between dealers and GMAC; non-disclosure concerned collateral matter of financing); and *Ross-Randolph v. Allstate Ins.*, 2001 U.S. Dist. LEXIS 25645 (D. Md. May 11, 2001) (claims based on Allstate slogan "you are in good hands").

     **D.**     **<u>Plaintiffs Are Members Of The Class They Seek To Represent Because Travelers' Deceptive Sales Scheme – The Creation And Implementation Of The Tiered Pricing Structure – Harmed Them And All Class Members.</u>**

       Travelers' argument that Plaintiffs are not members of the proposed class relies on a tortured misconstruction of the Complaint.  Travelers Memorandum at 12-14.  Plaintiffs challenge Travelers' deceptive sales scheme.  They allege harm from that scheme.  The class they propose to represent is defined precisely as all individuals who were harmed in the same manner.  Travelers' effort to inject irrelevant facts cannot alter the reality of the allegations in the Complaint.

Non-party Citibank's and Aetna's participation in Travelers' deceptive sales scheme is irrelevant to Plaintiffs' typicality and adequacy.  Neither Citibank, not Aetna, nor any other entity beyond the two Travelers companies named in the Complaint are before the Court.  Plaintiffs focus on the two named Defendant entities as the locus and origin of the deceptive sales scheme.  The individuals and other entities that might have participated in – or been aware of, or benefited from – the scheme are not charged in the Complaint.  Others' proximity to the wrongdoing does not alleviate Travelers' liability or diminish its responsibility.  Similarly, Travelers' argument that one entity or another (such as Citibank) did not offer the lower-priced policy at all similarly ignores the essence of the Complaint.  The Complaint challenges the deceptive scheme, which is defined as the establishment of two prices for identical insurance policies, followed by the failure to disclose the existence of the identical lower-priced policy in the pair.  Whether the deception involved the sale of a particular policy by an agent at a certain time is immaterial.  Finally, Travelers must concede that each renewal is a new transaction and therefore whether the policy was the only low priced policy ten years ago is not relevant to the policies issued over the last six years.

The cases cited by Travelers in no way support striking Plaintiffs' class allegations prior to discovery.  *East Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395 (1977), a racial discrimination case, is inapposite, because it involved the dismissal of class allegations *following trial*, where the plaintiffs had failed to move for class certification, and the plaintiffs were not members of the class they sought to represent.  *Id.* at 403, 405.  Travelers cannot invoke that case here at the pleading stage, when Plaintiffs fully intend to move for class certification and are clearly members of the class they propose.  Likewise, *Guillory v. Am. Tobacco Co.*, No. 97-C-8641, 2001 U.S. Dist. LEXIS 3353, 2001 WL 290603 (N.D. Ill. March 20, 2001), is

inapplicable because there the court found the class not to be ascertainable – "the exact membership of the class at any given time during the case [is] impossible to ascertain," because "the class definition depends on a subjective criteria [sic] and improperly relies upon the subjective desires of individual class members." *Id.* at **9-10.  That too is not this case.  Here, the class is objectively ascertainable from Travelers' own computerized customer records.[7]

      **E.**      **Travelers' Argument Against Nationwide Certification Of Fraudulent Concealment Claims Also Improperly Attempts To Prematurely Litigate Class Certification In A Vacuum.**

      Travelers' final argument – that Plaintiffs cannot represent a nationwide class asserting claims for fraudulent concealment – also fails because it prematurely attempts to litigate the contours of a class for which Plaintiffs have yet to request certification.  Plaintiffs have not yet chosen to present evidence and arguments in support of class certification.  Until Plaintiffs propose a class and seek certification, this Court has no factual context within which to rule upon the viability of the class claims.  For example, the choice-of-law analysis, if necessary, will be conducted at the class certification stage and need not be decided now.

      Travelers' arguments are unavailing because the authority it cites is inapplicable. For example, in *Chilton Water Authority v. Shell Oil Co.*, 1999 WL 1628000, 1999 U.S. Dist. LEXIS 21595 (M.D. Ala. May 21, 1999), the court rejected the plaintiff water distribution system operators' efforts to bring a class action on behalf of all persons or entities who "owned or operated public or private water supply or distribution systems" in the previous twenty years, based on the "premature[] fail[ure]" of the defendant's polybutylene pipe, resulting in "property damage, delays, and water loss." *Id.* at *1.  Here, the Complaint alleges violations on behalf of a

---

[7] Travelers also cites *Alliance to End Repression v. Rockford*, 565 F.2d 975, 977 (7th Cir. 1977), in which the Seventh Circuit found the class "sufficiently clear to satisfy any definiteness requirement of Rule 23," and upheld the trial court's class certification under Fed.R.Civ.P. 23(b)(2).

more narrowly defined class, over a much shorter period of time, involving a much simpler factual predicate.

Travelers' assertion that *Mack v. General Motors Acceptance Corp.*, 169 F.R.D. 671 (M.D. Ala. 1996) involves "strikingly similar factual allegations" likewise misses the mark. Defendant's Motion at 17.  There, an automobile loan borrower sought certification of fraud and other claims, challenging the defendant with unfairly increasing car loan interest rates by a discretionary amount.  Here, the allegations target a substantially simpler and facially more uniform practice, in that the difference between the higher- and lower-priced identical insurance policies being sold is fixed, preventing the application of a seller's discretion to increase the price by any amount of its choosing.

The Second Circuit's analysis in *Green v. Wolf Corp.*, 406 F.2d 291 (2d Cir. 1968), reversing a district court's order striking class allegations is instructive.  There, the defendant argued that the plaintiff's securities fraud suit could not proceed on a class basis because the underlying documents differed and not all allegations applied to all underlying documents.  *Id.* at 300.  The Second Circuit acknowledged this possibility but held that striking allegations was an inappropriate action in light of the procedures set forth in Rule 23:

> The district court may use the procedures suggested by Rule 23 to cope with these distinctions, if, indeed, they exist.  We shall not attempt either to pre-try or pre-judge all the facets of this case on an appeal from a motion to strike allegations of the complaint.  The very purpose to be served by a class action is the opportunity it affords to prevent a multiplicity of suits based on a wrong common to all.  *If we were to deny a class action simply because all of the allegations of the class to not fit together like pieces in a jigsaw puzzle, we would destroy much of the utility of Rule 23.*

*Id.* (citations omitted).

IV.    <u>**CONCLUSION**</u>

      For the foregoing reasons, Plaintiffs respectfully request that the Court deny

Travelers' Motion to Dismiss and Motion to Strike.

Dated:  September 15, 2006                                  Respectfully submitted,

                                                 s/Daniel P. Goetz/s
                                                 R. Eric Kennedy (0006174)
                                                 Daniel P. Goetz (0065549)
    WEISMAN, KENNEDY & BERRIS CO., L.P.A.
    Suite 1600 Midland Building
    101 Prospect Avenue, West
    Cleveland, OH 44115
    Telephone:  (216) 781-1111
    Facsimile:  (216) 781-6747
    ekennedy@weismanlaw.com
    drozman@weismanlaw.com
    dgoetz@weismanlaw.com

    Don Barrett
    BARRETT LAW OFFICE, P.A.
    404 Court Square North
    P.O. Box 987
    Lexington, MS 39095
    Telephone:  (662) 834-2376
    Facsimile:  (662) 834-2628
    dbarrett@barrettlawoffice.com

    Charles Barrett
    BARRETT LAW OFFICE, P.A.
    One Burton Hills Blvd., Suite 380
    Nashville, TN 37215
    Telephone:  (615) 386-8391
    Facsimile:  (615) 386-8392
    cfbarrett@barrettlawoffice.com

    Dewitt M. Lovelace
    LOVELACE LAW FIRM, P.A.
    36474 Emerald Coast Parkway
    Suite 4202
    Destin, FL 32541
    (850) 837-6020
    (850) 837-4093 (fax)
    dml@lovelacelaw.com

Morris Ratner
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592
mratner@lchb.com

Jahan C. Sagafi
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
jsagafi@lchb.com

John R. Patchett
PATCHETT LAW OFFICE
104 West Calvert
P.O. Box 1176
Marion, IL 62959
(618) 997-1984
(618) 998-1495 (fax)
patchettlawoffice@ll.net

Pierce Gore
GORE LAW FIRM
22 Euclid Avenue
Los Gatos, CA 95030
Telephone:  (408) 354-1585
Facsimile:  (408) 354-1603
piercegore@yahoo.com

*Attorneys for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 15, 2006, the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

s/Daniel P. Goetz/s_____
Daniel P. Goetz (0065549)
WEISMAN, KENNEDY &
      BERRIS CO., L.P.A.

Attorney for Plaintiffs