UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NEIL STANICH, BOBBIE JEAN STANICH, and DANTE FREZZA, on behalf of themselves and all others similarly situated, | : : : : : : : : : : : : : : : | Case No. 1:06cv962 |
| Plaintiffs, | | JUDGE KATHLEEN O'MALLEY |
| v. | | |
| TRAVELERS INDEMNITY COMPANY OF AMERICA and THE STANDARD FIRE INSURANCE COMPANY, | | ORDER |
| Defendants. | | |

On October 23, 2006, the Court held a tele-status conference with counsel for Plaintiffs and Defendants in the above-captioned matter.[1] This Order memorializes rulings and scheduling orders made by the Court during that conference (paragraphs (1) - (4)) as well as addresses the only pending motion in this matter (paragraph (5)).

**(1)** All deadlines in the Case Management Plan (Doc. 13) are **EXTENDED** by thirty (30) days, consistent with the deadlines set out in Plaintiffs' Motion for Extension of Time (Doc. 17).

**(2)** A **HEARING** to determine the propriety of class treatment in this litigation is **SCHEDULED** for **February 13, 2007 at 9:30 a.m.**, Room 16A, U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio. Each party shall submit simultaneous briefs of no more than twenty (20) pages **on or before February 2, 2007** to argue their case-specific positions as it relates to the propriety of class litigation in this matter. Those briefs will be considered by the Court as supplements to the briefs already filed in connection with Defendants' *Motion to Dismiss or, in the Alternative, Motion to Strike Class Allegations* (Docs. 14, 15, 19, and 22).

---

[1] No court reporter was present.

**(3)** To the extent they have not already been completed, the parties shall make their Rule 26[2] initial disclosures as they relate to all non-expert witnesses **on or before November 6, 2006**.

**(4)** Any party intending to use an expert or experts on the issue of class certification shall **IDENTIFY** the expert or experts and provide the information required by Rule 26(a)(2) to the opposing party **on or before December 1, 2006**. Any depositions of experts intended to be proffered in connection with the propriety of class certification must be conducted, if at all, **on or before January 15, 2007**.

**(5)** As to Defendants' pending *Motion to Dismiss or, in the Alternative, Motion to Strike Class Allegations* (Docs. 14), the Court hereby **DENIES** the motion as it relates to Defendants' motion to dismiss Plaintiffs' complaint. As discussed during the status conference, and for the reasons articulated in the Court's opinion denying Defendants' motion to dismiss in the prior related litigation, *Zangara v. Travelers*, Case No. 1:05cv731 (Doc. 57), many of Defendants' arguments are dependant on a more fully developed record and, therefore, are more appropriately left for the summary judgment context. As the Court indicated in its opinion in the prior litigation, some of Defendants' arguments have arguable merit and may be entertained at a later stage in the proceedings, after Plaintiffs have had a full opportunity to engage in discovery. As to the only new argument raised by Defendants in the present motion - that Plaintiffs fail to allege the exact dates of their insurance transactions with Defendants - the absence of those dates does not prevent the otherwise sufficient pleading from satisfying Rule 8's minimal pleading requirements.[3]

As to Defendants' request to strike Plaintiff's class allegations, all of the arguments raised by the parties in connection with that motion will be incorporated into the Court's consideration of the propriety of class litigation in this matter, on which the parties will have the opportunity to submit additional briefing and present oral argument and evidence at the newly-scheduled February 13, 2007 hearing. (*See infra*, paragraph (2)). Defendants' current motion as it relates to Defendants' request to strike Plaintiffs' class allegations, therefore, is **TERMED**.

**IT IS SO ORDERED.**

        **s/Kathleen M. O'Malley**
        **KATHLEEN McDONALD O'MALLEY**
        **UNITED STATES DISTRICT JUDGE**

**Dated: October 26, 2006**

---

[2] All "Rules" referred to in this Order are Federal Rules of Civil Procedure.

[3] Notably, Defendants do not move for a more definite statement pursuant to Rule 12(e).