UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

NEIL STANICH, BOBBIE JEAN STANICH, :
and DANTE FREZZA, on behalf of themselves :
and all others similarly situated, : Case No. 1:06cv962
:
Plaintiffs, : JUDGE KATHLEEN O'MALLEY
:
v. :
:
TRAVELERS PROPERTY CASUALTY : **ORDER**
INSURANCE COMPANY, et al., :
:
Defendants. :

On April 10, 2007, the Court held a hearing on Plaintiffs' *Motion for Leave of Court to File First Amended Class Action Complaint* ("Motion to Amend") (Doc. 68). A court reporter was present, and the proceeding was transcribed. This Order memorializes the Court's rulings made on the record at the hearing, as follows:

- For the reasons articulated on the record, Plaintiffs' Motion to Amend (Doc. 68) is **GRANTED**, adding new party defendant Travelers Indemnity Company ("TIC"), removing Travelers Property Casualty Insurance Company ("TPCIC"), clarifying the factual allegations regarding the mass-marketing group sale of insurance ("Affinity"),

and revising the class definition to include subclasses.[1]

- A class certification hearing is **SCHEDULED** for **May 14, 2007** at **9:30 a.m.**, Room 16A, U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio. Plaintiffs shall file a class certification brief on or before **April 20, 2007**, and Defendants shall file a brief in opposition on or before **May 4, 2007**. Plaintiffs can offer their arguments in reply to Defendants' opposition orally at the class certification hearing.

**IT IS SO ORDERED.**

                                              s/Kathleen M. O'Malley
                                              **KATHLEEN McDONALD O'MALLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**Dated: April 11, 2007**

---

[1] The Court notes that, although there are several reasons to find that granting Plaintiffs leave to amend is appropriate in this case, Defendants' failure to file a timely answer could provide the <u>entire</u> justification, at least for adding new party defendant TIC. After the Court denied Defendants' motion to dismiss on October 26, 2006, Defendants had ten days to file an answer. *See* Fed. R. Civ. P. 12(a)(4)(A). That answer was not filed until March 13, 2007 (Doc. 62), after it was specifically ordered to be filed. Among other things, Defendants' answer denied Plaintiffs' allegation that "Defendant Travelers Property Casualty Insurance Co. wholly owns Defendant Travelers Indemnity Company of America." (Doc. 1, ¶ 4; Doc. 62, ¶ 4.) It was on the belief contained in this allegation that Plaintiffs included TPCIC rather than TIC as a defendant, the error it now seeks to correct in its amended complaint. Amazingly, counsel for Defendant argued at the hearing that they had no obligation to file an answer any earlier because there was an outstanding motion to strike class allegations that had not yet been resolved by the Court. Not only is that assertion legally unsupportable because motions to strike class allegations do not toll a litigant's time to file a responsive pleading, it is also factually incorrect. The Court did, in fact, resolve Defendants' motion to strike class allegations when it termed the motion in the same order it denied Defendants' motion to dismiss. (Doc. 28) ("Defendants' current motion as it relates to Defendants' request to strike Plaintiffs' class allegations, therefore, is **TERMED**") (emphasis in original). Given Defendants' unilateral and inexcusable delay in filing an answer in this case, it is remarkable that they now object to Plaintiffs' attempt to amend the complaint based, in part, on information Plaintiffs could have obtained from a timely responsive pleading many months ago.