# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PAL LONARDO<br>on behalf of himself and<br>all others similarly situated,<br>7524 Via Cornucopia<br>Tucson, Arizona 85710<br><br>    *Plaintiff-Class and Agent*<br>    *Subclass Representative*<br><br>and<br><br>DANTE FREZZA<br>on behalf of himself and<br>all others similarly situated,<br>32887 Charmwood Oval<br>Solon, Ohio 44139<br><br>    *Plaintiff-Class and Group*<br>    *Marketing SubClass*<br>    *Representative*<br><br>and<br><br>JOSEPH FELDMAN<br>122 Overcup Drive<br>on behalf of himself and<br>all others similarly situated,<br>Sherwood, Arkansas 72120<br><br>    *Plaintiff*<br><br>    VS.<br><br>THE TRAVELERS INDEMNITY<br>COMPANY<br>One Tower Square<br>Hartford, Connecticut 06183<br><br>and | CASE NO. 06 CV962<br><br>JUDGE KATHLEEN M. O'MALLEY<br><br><br>**THIRD AMENDED**<br>**CLASS ACTION COMPLAINT**<br><br>Jury Demand Endorsed Hereon |

1

| | |
|---|---|
| THE STANDARD FIRE INSURANCE | ) |
| COMPANY | ) |
| One Tower Square | ) |
| Hartford, Connecticut   06183 | ) |
| | ) |
| *Defendants* | ) |

Now come the Plaintiffs and based upon knowledge, information or belief hereby allege as follows:

**PARTIES**

1.      Plaintiff Dante Frezza resides at 32887 Charmwood Oval, Solon, Ohio 44139. From approximately 2001 and continuing to the present time, Plaintiff Dante Frezza was insured under a Travelers homeowners insurance policy with a one-year policy period that began and ended on February 15th  issued by The Standard Fire Insurance Company.  Plaintiff Dante Frezza purchased through the Citibank group marketing program.

2.      Plaintiff Paul Lonardo currently resides at 7524 Via Cornucopia, Tucson, Arizona.  Prior to living in Tucson, Arizona, Plaintiff Paul Lonardo resided at 7460 McLellan Drive, Bedford, Ohio.  From approximately 2000 and continuing until June, 2009, Plaintiff Lonardo's McLellan Drive home was insured under a Travelers homeowners policy with a one-year policy period that began and ended on June 15th issued by The Standard Fire Insurance Company.  Plaintiff Lonardo purchased through an independent agent.

3.      Plaintiff Joseph Feldman resides at 1220 Overcup Drive, Sherwood, Arkansas 72120.  From approximately 2001 until 2007, Plaintiff Joseph Feldman was insured under a

2

Travelers homeowners insurance policy with a one-year policy period that began and ended on November 8th issued by The Standard Fire Insurance Company.

4. Defendant The Travelers Indemnity Company is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Defendant The Travelers Indemnity Company created and implemented the multi-tier pricing whereby The Standard Fire Insurance Company was one of the high priced Travelers companies selling homeowners insurance that was identical to lower priced Travelers homeowners insurance.

5. Defendant The Standard Fire Insurance Company is a Connecticut corporation with its principle place of business in Hartford, Connecticut.

6. "Travelers" is hereinafter defined as The Standard Fire Insurance Company, The Travelers Indemnity Company, The Automobile Insurance Company of Hartford, CT, The Travelers Indemnity Company of America, Travelers Property Casualty Insurance Company, Travelers Property Casualty Company of Illinois, The Phoenix Insurance Company, The Travelers Indemnity Company of Connecticut, and The Travelers Companies, Inc., and all of their affiliates, parents, subsidiaries and/or otherwise related companies.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

8. Pursuant to 28 U.S.C. § 1332(d)(2), (Class Action Fairness Act), the sum value of this class action is at least Five Million Dollars ($5,000,000.00), exclusive of interest and costs.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b), because two of the Plaintiffs and many Class members live in this District, because Defendants participated and directed the marketing, advertising and sale of Travelers homeowners insurance in this District, and because the transactions giving rise to Plaintiffs' claims occurred, and continues to occur, in part, in this District.

## FACTUAL ALLEGATIONS

10. Defendants created, implemented, managed, directed and participated in a deceptive practice by which it deceived Plaintiffs and Class members into purchasing higher-priced Travelers homeowners insurance policies by concealing from them the availability of lower-priced Travelers policies that offer identical coverage and service and that differ only in price.

11. In Ohio, Alabama, Arkansas, Colorado, Illinois, Kentucky, Louisiana, Missouri, Mississippi, North Carolina, South Carolina and Tennessee (hereinafter referred to as "subject States"), Travelers sells identical homeowners insurance at multiple prices.

12. The difference in the price of the multiple-priced policies that Travelers sells to persons in the same risk class does not relate to underwriting factors. Consumers who are in the same risk group are sold higher-priced policies and Defendants conceal and created the program to have concealed the availability of lower-priced polices offering identical coverage and service. Defendants systematically and uniformly concealed this fact from Plaintiffs and Class members.

13. In the subject States, Travelers sells homeowners insurance through two different distribution channels. The retail channel is the sale of homeowners insurance through independent agents (agent subclass). The group marketing channel (Affinity) is the sale of homeowners insurance through group marketing programs, such as AAA or Citibank.

4

Membership or being a part of a specific group is a prerequisite to purchase through that particular group marketing program.

14. In the retail channel (agent subclass), Defendants utilize different Travelers companies to sell identical policies at different prices. Travelers' authorized agents, who function as dual agents for both Plaintiffs and Travelers, receive from Travelers a financial incentive, (higher commissions), to sell each consumer a higher-priced policy and to conceal lower-priced policies offering identical coverage and service. Defendants facilitated, promoted, and created the concealment scheme, in part by selling the same insurance through purportedly distinct entities.

15. In the group marketing distribution channel, each separate marketing group or program only offers one premium level. Class members in the group marketing distribution channel who purchased through membership in a specific group paid a higher premium than what was available through an independent agent.

16. During the relevant time periods, Travelers sold higher-priced homeowners insurance policies without disclosing to them the availability of a less expensive Travelers homeowners policy offering identical coverage and policyholder service. At no time did Travelers disclose to Plaintiffs that they could have paid substantially less for their Travelers homeowners insurance. Had Travelers informed Plaintiffs that they could pay substantially less for identical insurance, they would have done so.

17. Plaintiffs and Class members, all of whom purchased a higher-priced policy, paid substantially more for identical coverage and policyholder service than they would have paid if Travelers had disclosed the availability of their identical lower-priced policy. Plaintiffs and

5

Class members received no benefit whatsoever in exchange for paying the higher premiums that Defendants established for the higher-priced policies.

18. Defendants exercise control over the sales process. For example, Defendants authorized agents sell Travelers' homeowners insurance products through the use of computer software that Defendants developed and provide to their agents. Travelers software requires Travelers' agents to submit information pertaining to underwriting criteria (e.g., prospective policyholder's name, address, age and other information) when qualifying a potential customer for Travelers' homeowners insurance policies.

19. At the conclusion of the underwriting criteria input process, Travelers software for the retail channel generates and enables Travelers' agents to quote multiple premiums for insurance policies that provide identical coverage and policyholder service, and that differ only in price. These multiple premium quotes correspond to the higher-priced and lower-priced policies.

20. In the Affinity distribution channel, all individuals who purchased the higher-priced policy were eligible for the lower-priced, identical policy that could be purchased in the retail channel.

21. Defendants and the agents owe to Plaintiffs and Class members a duty of full and fair disclosure arising from their superior knowledge of Defendants' homeowners insurance products. A partial speaking, concealment of objectively material information (the availability of identical coverage and service at a lower price), with the intent to deceive Plaintiffs and the Class is a violation of the duty of full and fair disclosure.

22. In violation of these duties, Travelers and their agents have offered, quoted and sold higher-priced Travelers homeowners insurance while concealing from Plaintiffs and Class

6

members the availability of identical, lower-priced Travelers homeowners insurance. In committing the deceptive acts described herein, Defendants' authorized agents acted within the course and scope of the authority expressly granted by Defendants.

23. Defendants, having exclusive knowledge of the availability of lower-priced coverage for the same insurance Travelers sold at a higher price knowing and expecting that Plaintiffs and Class members would reasonably believe when quoted a rate for Travelers homeowners insurance that they had been quoted the lowest, or only, available rate for Travelers homeowners insurance, made a partial disclosure of only the higher price. By doing so, Defendants knew that it would, and in fact did, induce Plaintiffs and Class members to purchase Travelers homeowners insurance at the higher price, when any rational consumer objectively would have purchased identical Travelers insurance at the lower available price, had that price been disclosed.

24. Defendants developed the deceptive practice under which Travelers policies are priced, quoted and sold; determined the agent commission levels; authored every Travelers homeowners insurance policy; created, distributed and updated the computer software used to quote and sell Travelers homeowners insurance policies; and appointed, trained and supervised their authorized agents who sell Travelers homeowners insurance.

25. At all times relevant to this lawsuit, there has been such unity of interest between Defendants and among Travelers and Travelers subsidiaries and affiliates that their separate identities exist solely to carry out the deceptive practice described herein.

26. Defendants appointed, authorized, trained and supervised their agents who sell Travelers homeowners insurance.

27. Defendants create and discontinue subsidiaries, as necessary, to facilitate the sale of identical Travelers homeowners insurance policies at multiple prices. On information and belief, Plaintiffs allege that for the most part the subsidiaries have few or no employees or offices separate or apart from the managing or lead company and are instead mere constructs established to facilitate Defendants' multiple price point scheme. As described herein, they are agents, alter-egos and co-conspirators of each other.

28. Plaintiffs and Class members have been proximately harmed, and Defendants have been unjustly enriched by Defendants' deceptive practice.

## CLASS ACTION ALLEGATIONS

29. Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) on behalf of a class (the "Class") consisting of:

> All persons in the United States who made an initial purchase of a homeowners insurance Class Policy (as that term is defined elsewhere) from Travelers (as defined in the Third Amended Class Action Complaint) for a property located in the states of Alabama, Arkansas, Colorado, Illinois, Kentucky, Louisiana, Missouri, Mississippi, North Carolina, Ohio, South Carolina, and Tennessee, who were eligible to purchase Travelers homeowners insurance offering identical coverage and service, at a lower price, during the relevant "Class Period" for each respective state as set forth below. The precise "Class Policies" include only the policies described for the relevant time periods listed for each state in Exhibit A to this Third Amended Class Action Complaint.
>
> Agent Subclass: All Class members, not otherwise included in the Group Marketing Subclass, who made an initial purchase of a homeowners insurance Class Policy through an independent agent who were eligible to purchase identical Travelers policy at a lower price from an independent agent.
>
> Group Marketing Subclass: All Class members who made an initial purchase of a homeowners insurance Class Policy through a group marketing program who were eligible to purchase an identical Travelers policy at a lower price from an independent agent.

30. Excluded from the Class are:

8

>     Any Class member who timely elects to be excluded from the Class, and all present and former agents of Defendants during the Class Period; all present and former employees of Defendants during the Class Period; and all members of the judiciary of the Court, and members of their immediate families.

31. The Class Period for each state is defined as follows:

    a. Alabama – July 25, 1998 to September 20, 2003.

    b. Arkansas – September 18, 1999 to March 17, 2003.

    c. Colorado – August 22, 1997 to September 20, 2003.

    d. Illinois – August 22, 1997 to December 20, 2003.

    e. Kentucky – August 22, 1997 to May 17, 2003.

    f. Louisiana – August 22, 1997 to September 20, 2003.

    g. Missouri – August 22, 1997 to May 12, 2003.

    h. Mississippi – August 22, 1997 to May 17, 2003.

    i. North Carolina – August 22, 1997 to March 16, 2003.

    j. Ohio – March 7, 1998 to May 18, 2003.

    k. South Carolina – August 22, 1997 to December 17, 2005

    l. Tennessee – March 7, 1998 to May 17, 2003.

32. Throughout the Class Period, and as of the present date, Defendants had and have the administrative ability, through their computer systems and other records, to identify all members of the Class.

33. Plaintiffs allege that all Class members sustained injury in fact as a proximate result of the deceptive practice described herein, including the injury of paying a higher price for Travelers homeowners insurance than they would have paid had the availability of identical lower-priced Travelers homeowners insurance policies been disclosed.

34. Plaintiffs are members of the Class described herein. As a result of Defendants' failure to disclose and make available to Plaintiffs their lowest available price for Travelers homeowners insurance, Plaintiffs purchased a higher-priced homeowners insurance policy. Defendants sold to Plaintiffs a higher-priced Travelers homeowners insurance policy without informing Plaintiffs of an identical Travelers homeowners insurance policy available at a lower price.

35. This action is properly brought as a class action under Rule 23. Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The exact number of Class members is unknown, but can be determined from Defendants' computerized and other records. Plaintiffs reasonably estimate and believe that there are thousands of persons in the Class. Although Plaintiffs do not presently know the names of all Class members, their identities and addresses can be readily ascertained from Defendants' records.

36. There are numerous and substantial questions of law and fact that are common to all of the members of the Class that control this litigation and that predominate over any individual issues. Defendants designed and implemented the sales program involving Travelers homeowners insurance policies and concealed from their policyholders any disclosure of the programs available to the policyholder or the availability of less expensive Travelers homeowners insurance policy products, whereby the policyholder could receive the same homeowners insurance coverage and service for substantially less money. The common questions raised by Plaintiffs' claims include:

    a. Whether Defendants implemented a practice designed to conceal the availability of lower-priced Travelers homeowners insurance policies;

10

      b.      Whether Defendants had a duty to disclose to consumers the lowest available price for Travelers homeowners insurance;

      c.      Whether Defendants induced their authorized agents to conceal from consumers the lowest available price for Travelers homeowners insurance;

      d.      Whether Defendants failed and refused to train, supervise, monitor and discipline the authorized agents who concealed from consumers the lowest available price for Travelers homeowners insurance;

      e.      Whether the conduct of Defendants, as described herein, supports Plaintiffs' claims for fraud and unjust enrichment; and

      f.      Whether the Class is entitled to compensatory and punitive damages, injunctive relief, or other equitable relief against Defendants.

37.    Plaintiffs' claims are typical of those of the Class. Defendants concealed from Plaintiffs and Class members the availability of different premium options for Travelers homeowners policies offering identical coverage and policyholder service. By failing to disclose and intentionally concealing material facts, Defendants kept Plaintiffs and Class members unaware of their deception.

38.    Plaintiffs have no interests adverse to those of Class members. Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in the prosecution of class actions and complex litigation, including litigation involving homeowners insurance policies.

39.    Class certification pursuant to Fed.R.Civ.P. 23(b)(2) is appropriate because the Defendants' course of dealing with members of the Class adversely affects all members of the Class, thereby making appropriate final, injunctive and declaratory relief with respect to the Class as a whole, whereby Defendants would be compelled to cease such course of dealing.

40.    Class certification pursuant to Fed.R.Civ.P. 23(b)(3) is appropriate because the damages suffered by individual Class members are small compared to the burden and expense of

11

individual prosecution of the litigation needed to address Defendants' conduct. Further, it would be virtually impossible for the members of the Class individually to effectively redress the wrongs that they have individually suffered. Even if Class members themselves could afford such individual litigation, the court system could not, given the size of the Class. In addition, individualized litigation increases the delay and expense to all parties and to the court system. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, class litigation presents far fewer management difficulties, allows adjudication of claims that might otherwise go unaddressed because of the expense of bringing individual litigation, and provides the benefits of uniform adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT ONE

## FRAUD

41. Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs 1 through 40, as if fully set forth herein.

42. Defendants were and are under a continuing duty to disclose to Plaintiffs and Class members the lowest available price for Travelers homeowners insurance.

43. Defendants, through the misconduct alleged herein, concealed from Plaintiffs and Class members the availability of identical Travelers coverage and service for a lower premium, where their partial disclosures and actions created a date to disclose.

44. Defendants' concealment of their lower-priced policies was material to Plaintiffs' purchase of Travelers homeowners insurance.

45. Defendants' material omissions induced Plaintiffs and Class members, and continue to induce Class members, to purchase higher-priced Travelers homeowners policies offering identical coverage and service.

46. Defendants' knew that the failure to disclose the lowest available price for Travelers homeowners insurance to Plaintiffs and Class members was misleading. Plaintiffs and Class members were in fact deceived by Defendants' deceptive practice.

47. The concealment of the availability of an identical Travelers homeowners insurance policy for a lower price was done with the intent of inducing Plaintiffs and Class members to pay substantially more for identical coverage.

48. Defendants have exhibited, and continue to exhibit, "actual malice."

49. Plaintiffs and Class members justifiably relied upon Defendants' concealment of the material facts and/or Defendants' false representations to their detriment.

**THEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated demand compensatory and punitive damages in an amount to be determined upon trial of this matter.

## COUNT TWO
## UNJUST ENRICHMENT

50. Plaintiffs incorporate by reference each of the allegations contained in the preceding Paragraphs 1 through 49, as if fully set forth herein.

51. Defendants knowingly received, and continue to receive, a substantial benefit at the expense of Plaintiffs and each individual Class member.

52. Defendants' profits would have been reduced but for their wrongful and deceptive conduct.

53. It would be unjust and unconscionable to permit Defendants to enrich themselves at the expense of Plaintiffs and each Class member and to retain the excessive premiums that the Defendants wrongfully obtained from Plaintiffs and other individual Class members.

**THEREFORE**, Plaintiffs, individually, and on behalf of each individual Class Member similarly situated, seek restitution and/or disgorgement of the profits wrongfully derived from Plaintiffs and each Class member, respectively, as well as other equitable relief as the Court deems proper and appropriate.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, pray that the Court enter judgment against Defendants and in favor of Plaintiffs and Class members, and award the following relief:

A. For an order certifying the Class and appointing Plaintiffs and their counsel to represent the Class;

B. For an order declaring that Defendants have violated their duty to disclose to Plaintiffs and Class members the lowest available rates for Travelers homeowners insurance;

C. For an order awarding Plaintiffs and each Class member restitution and/or disgorgement of the profits wrongfully earned from Plaintiffs and each Class member, respectively, as well as other equitable relief as the Court deems appropriate;

D. For an order creating a constructive trust for the benefit of Plaintiffs and Class members in an amount equal to the aggregate difference between insurance premiums paid by Plaintiffs and Class members for their policies, and the premiums they would have paid had Defendants disclosed the availability of their identical, lower-priced policies, plus interest;

E. For an order awarding Plaintiffs and Class members compensatory and punitive damages in an amount to be determined upon trial of this matter;

F. For an order enjoining Defendants from continuing the misconduct described herein;

G. For fees and expenses incurred in the pursuit of their action;

    H.     For an order awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs respectfully demand trial by jury.

Dated:  October 16, 2009                 Respectfully submitted,

                                            /s/ R. Eric Kennedy
R. Eric Kennedy (0006174)
Daniel P. Goetz  (0065549)
WEISMAN, KENNEDY & BERRIS,
     CO., L.P.A.
Suite 1600 Midland Building
101 Prospect Ave. West
Cleveland, Ohio 44115
(216) 781-1111
ekennedy@weismanlaw.com;
drozman@weismanlaw.com;
dgoetz@weismanlaw.com

BARRETT LAW OFFICE, P.A.
Don Barrett
404 Court Square North
P.O. Box 987
Lexington, MS 39095
(662) 834-2376

BARRETT & ASSOCIATES, P.A.
Charles F. Barrett
6518 Highway 100, Suite 210
Nashville, TN   37205
(615) 515-3393

LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, L.L.P.
Elizabeth Cabraser
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA   94111-3339
(415) 956-1000

15

LOVELACE LAW FIRM, P.A.
Dewitt M. Lovelace
36474 Emerald Coast Parkway, Suite 4202
Destin, FL 32541
(850) 837-6020

GORE LAW FIRM
Pierce Gore
22 Euclid Ave.
Los Gatos, CA 95030
(408) 806-4600

PATCHETT LAW OFFICE
Randy Patchett
104 West Calvert Street
P.O. Box 1176
Marion, Illinois 62959

THRASH LAW FIRM
Thomas P. Thrash
1101 Garland Street
Little Rock, Arkansas 72201
(501) 374-1058
(501) 374 - 2222

*Attorneys for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2009, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ R. Eric Kennedy
R. ERIC KENNEDY, ESQ. (#0006174)
**WEISMAN, KENNEDY & BERRIS CO., L.P.A.**

*Attorneys for Plaintiffs and the Class*