# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PAUL LONARDO, on behalf of himself and all others similarly situated, ) ) | |
| ) | Case No. 06 CV 0962 |
| and ) | |
| ) | Judge Kathleen M. O'Malley |
| DANTE FREZZA ) on behalf of himself and ) all others similarly situated, ) | |
| ) | |
| and ) | |
| ) | |
| JOSEPH FELDMAN, on behalf of himself ) and all others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THE TRAVELERS INDEMNITY ) COMPANY, ) | |
| ) | |
| and ) | |
| ) | |
| THE STANDARD FIRE INSURANCE ) COMPANY, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' MOTION FOR
## SETTLEMENT CLASS CERTIFICATION, PRELIMINARY APPROVAL OF
## PROPOSED CLASS SETTLEMENT, AND APPROVAL OF NOTICE PLAN

### INTRODUCTION

Plaintiffs move for preliminary approval of a settlement of this litigation matter, which

provides substantial cash benefits to Class members pursuant to a claims process, and also

valuable equitable relief to the class and consumers in general.  The settlement resolves this Ohio

litigation, and also a related litigation in Arkansas.[1]  The settlement also includes 10 additional states, for a total of 12 states.  A copy of the Settlement Agreement is attached to the accompanying proposed order.  Plaintiffs submit this Memorandum in support of an order: (1) granting preliminary approval to the Settlement Agreement; (2) certifying the settlement class as an opt out class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure; (3) approving and directing implementation of the Notice Plan and appointing the administrator that will implement the Plan and the Settlement; and (4) scheduling the final fairness hearing, and other relevant dates, including the objection and exclusion request deadlines, and the claims filing deadline, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Class Action Fairness Act, and the procedure and criteria for preliminary approval described in the *Manual for Complex Litigation — Fourth (Federal Judicial Center 2004) ("Manual")* §§ 21.62-63.

The Complaint alleges that Defendants[2] induced consumers to purchase higher-priced homeowners insurance policies by concealing from them the availability of identical lower-priced policies.  In exchange for cash payments and valuable equitable relief, Plaintiff proposes to release the claims of the Settlement Class against Defendants.  The proposed settlement is fair and reasonable, and deserves this Court's preliminary approval, so that notice of its terms can be provided to the Settlement Class members, who can then have an opportunity to comment on or object to the Settlement Agreement, or exclude themselves from the Settlement Class.

The procedure for approving a class action settlement is a three-step process:  (1) the court must preliminarily approve the settlement; (2) the class members must be given notice of the proposed settlement; and (3) the court must hold a hearing to determine whether the proposed

---

[1] *See Feldman v. The Standard Fire Insurance Company*, Case No. 08 cv 04140 (E.D. Ark.).
[2] The terms "Defendants" and "Settling Defendants" as used herein refer to the entities listed in Attachment A to the Settlement Agreement.  All terms in this Memorandum have the meanings ascribed to them in the Settlement Agreement.

settlement is fair, reasonable, and adequate.  *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001).

The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of possible approval," and thus whether notice to the class of the terms and conditions of the settlement, and the scheduling of a formal fairness hearing, are worthwhile.  *Armstrong v. Board of School Directors of City of Milwaukee*, 616 F.2d 305, 313 (7th Cir. 1980) (*citing Manual* § 1.46 at 53-55 (West 1977)); *Newberg on Class Actions* (3d ed. 1992) ("*Newberg*"), § 11.25 at 11-36, 11-37.  If the settlement receives preliminary approval, then after notice of the settlement terms is provided to the class, the court holds a final settlement approval hearing, at which class members may comment upon the settlement and the court determines if the settlement is "fair, reasonable, and adequate," warranting final approval.  *Armstrong*, 616 F.2d at 313; *see also Manual* § 21.634; *see also Fidel v. Farley*, 534 F.3d 508, 513 (6th Cir. 2008) ("We review a district court's approval of a settlement as fair, adequate, and reasonable for abuse of discretion.") (citation omitted).

Neither formal notice nor a hearing is required at the preliminary approval stage; the Court may grant such relief upon an informal application by the parties, and may conduct any necessary hearing in court or in chambers, at the Court's discretion.  *Manual* § 21.632.  "In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties."  *Manual* § 21.633 at 320-21; *see also In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 370 (S.D. Ohio 1990) ("Preliminary approval of a proposed settlement is based upon the court's familiarity with the issues and evidence, as well as the arms-length nature of the

negotiation prior to the proposed settlement, ensuring that the proposed settlement is not illegal or collusive.").

As this Court has stated:

> In making a preliminary assessment of the fairness of the proposed settlement agreement, the Court's "intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."

*In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 359, 379 (N.D. Ohio 2001) (quoting *Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) *cert. denied by* 459 U.S. 1217 (1983)).

Preliminary approval does not require an evidentiary hearing. *Mars Steel Corp. v. Continental Illinois Nat. Bank & Trust Co. of Chicago*, 834 F.2d 677, 684 (7th Cir. 1987). As this Court has stated: "A preliminary fairness assessment 'is not to be turned into a trial or rehearsal for trial on the merits,' for 'it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements.' Rather, the Court's duty is to conduct a threshold examination the overall fairness and adequacy of the settlement in light of the likely outcome and the cost of continued litigation." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. at 379 (citation and quotation omitted).

"As part of this evaluation, the Court may not second guess the settlement terms." *Id.* at 379-80 (citing *Armstrong*, 616 F.2d at 315 ("judges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel")). "Moreover, when a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair." *Id.* at 380 (citing *Williams v. Vukovich*, 720 F.2d 909, 923 (6th Cir. 1983)).

In evaluating the fairness of a proposed settlement, this Court has cited the *Girsh* factors from the Third Circuit.  *Id.* (citing *Girsh v. Jepson*, 521 F.2d 153, 157 (3rd Cir. 1975)).  The *Girsh* factors include:  (1) the strength of plaintiffs' case, both as to liability and damages; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the reaction of the class members to the proposed settlement; (8) the public interest; and (9) the ability of the defendants to withstand a greater judgment.  *Girsh*, 521 F.2d at 157; *see also UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007) (listing many of the same factors).  The *Girsh* factors are not mandatory, and this Court is not required to consider each factor and may consider other factors.  *See, e.g., In re AT & T Corp. Sec. Litig.*, 455 F.3d 160, 165 (3d Cir. 2006) ("The *Girsh* factors do not provide an exhaustive list of factors to be considered when reviewing a proposed settlement."); *In re Prudential Ins. Co.*, 148 F.3d 283, 322-23 (3d Cir. 1998) (upholding district court's application of only two *Girsh* factors to analysis of proposed settlement).

## **TERMS OF THE PROPOSED SETTLEMENT**

The core terms of the settlement are:

The Settlement Class is defined as:

> All persons in the United States who made an initial purchase of a homeowners insurance Class Policy (as that term is defined elsewhere) from a Settling Defendant for a property located in the states of Alabama, Arkansas, Colorado, Illinois, Kentucky, Louisiana, Mississippi, Missouri, North Carolina, Ohio, South Carolina, and Tennessee, who were eligible to purchase Travelers homeowners insurance offering identical coverage and service, at a lower price, during the relevant "Class Period" for each respective state as set forth below.  The precise "Class Policies" include only the policies described

for the relevant time periods listed for each state in Exhibit B to the Settlement Agreement.[3]

The Class Period for each state is defined as follows:  Alabama – July 25, 1998 to September 20, 2003; Arkansas – September 18, 1999 to March 17, 2003; Colorado – August 22, 1997 to September 20, 2003; Illinois – August 22, 1997 to December 20, 2003; Kentucky – August 22, 1997 to May 17, 2003; Louisiana – August 22, 1997 to September 20, 2003; Mississippi – May 15, 1999 to September 20, 2003; Missouri – August 22, 1997 to May 17, 2003; North Carolina – August 22, 1997 to March 16, 2003; Ohio – March 7, 1998 to May 18, 2003; South Carolina – August 22, 1997 to December 17, 2005; and Tennessee – March 7, 1998 to May 17, 2003.

Excluded from the Class is any Class member who timely elects to be excluded from the Settlement Class, and all present and former agents of Defendants during the Class Period; all present and former employees of Defendants during the Class Period; and all members of the judiciary of the Court, and members of their immediate families.

The parties agree that as part of the settlement Defendants will pay for notice to the Class, including mailed notice, as well as through the establishment of a toll free telephone line, and a website.  Additionally, Defendants will cause a one-time notice of this Settlement to be published in the USA Today, or similar publication with nationwide distribution.  All of this, including the costs of administration, will be at Defendants' expense, without depleting the funds available to pay Class Claims.

The Defendants agree to pay $8.69 to each Class member for each completed annual policy period, for any policy described in the Class definition, in response to valid claims timely submitted in conformity with the claims procedure, and as further described in the Agreement. Defendants shall make these payments in response to properly completed Claim Forms.

---

[3] "Class Policy" also includes the renewals of the policies listed in Exhibit B where at the time of the renewal date the price paid was not the lowest available price from another Settling Defendant or affiliated company.

Defendants agree not to object to an application by Class Counsel for attorneys' fees, and for reimbursement of costs, in an amount that shall not exceed $6,600,000.00. For the Settlement Class Representatives, Defendants also agree not to object to Plaintiffs' motion for entry of an order requiring Defendants to pay $5,000, in recognition of all three of the named Plaintiffs' efforts on behalf of the Settlement Class members.[4]

In exchange for the foregoing relief, Plaintiffs, and each member of the Class, agree to release the Class Claims.

## NOTICE TO THE CLASS OF THE SETTLEMENT

The Notice Plan described in Section II.B. of the Settlement Agreement includes notice by direct mail to the members of the Settlement Class and by the establishment of a toll-free telephone information line, and website. Notice will also be made by one-time publication in the Monday to Thursday edition of the USA Today, or similar national publication.

In the event that the Court preliminarily approves the Settlement Agreement and the Notice Plan, the mailing of the Court-approved Notice shall be completed within 21 days of the date of that order, as specified in the Settlement Agreement. Class members will be mailed the form of notice proposed for mailing and attached to the Settlement Agreement. The notice materials mentioned above and attached to the Settlement Agreement describe the settlement terms, the procedures for objecting, opting out, and/or submitting a Claim Form, and the deadlines for responding to the notice. In addition, as part of the same mailing, Class members will receive a Claim Form that sets forth the settlement payment formula. The Claim Form is necessary because part of the Settlement Agreement's terms requires any Class member

---

[4] This Court is familiar with Paul Lonardo and Dante Frezza, the two class representatives previously approved by this Court. The third named representative is Joe Feldman, who was the sole lead named plaintiff in a related suit in Arkansas, and is being added to this case as part of the settlement that covers both Ohio and Arkansas, as well as 10 other states.

obtaining payment to certify that they are agreeing with the statement that "If I had been told of the availability of a lower-priced policy available from the Settling Defendants or their affiliates that offered the same coverage and same service, I would have purchased that lower-priced policy."

In addition, the Notice and Claims Administrator will maintain a toll-free telephone line and website, which will also provide basic information on the procedures for opting out, objecting, or submitting Claim Forms, and the deadlines for these submissions.

## **SETTLEMENT CLASS CERTIFICATION IS APPROPRIATE**

Plaintiffs move for certification of the Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  In considering a request for settlement class certification a court should therefore see if the requirements of Rule 23 are met.  That rule provides that an action may be maintained as a class action if the Court finds:

(1) The class is so numerous that joinder of all members is impracticable;

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members;

(3) The representative parties will fairly and adequately protect the interest of the class, and have claims typical of the class; and

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

Here, this Court has already certified a class of Ohio policyholders, making all the above findings as to the claims asserted.  *Stanich v. Travelers Indem. Co.*, 249 F.R.D. 506 (N.D. Ohio 2008).  The only change between the class that this Court certified and the Settlement Class is its geographic and temporal scope:  the Settlement Class extends to all individuals in the United

States that purchased certain insurance policies from Ohio or eleven (11) other states during a period of time from August 22, 1997 to various dates in 2003 or 2005 depending on the state. The specific Class Policy criteria are listed in Exhibit B to the Settlement Agreement.

## I.  THE PROPOSED SETTLEMENT CLASS IS CONSISTENT WITH *AMCHEM*.

The United States Supreme Court's opinion in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), confirms the propriety, and recognizes the necessity, of settlement class certification in consumer cases like this one, involving a single practice, identifiable class members, and relatively small, essentially identical, and objectively calculable damages.  Noting that Rule 23(b)(3) of the Federal Rules of Civil Procedure aims primarily at vindicating "the rights of groups of people who individually would be without effective strength to bring their opponent into court at all," the Supreme Court declared cases like this one to be the paradigm for class treatment:

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.  The class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.

*Amchem*, 521 U.S. at 617 (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)).

The present Settlement Class, which involves related Defendants employing the same practice, and the same agents, and only economic (rather than personal injury) damages,  is precisely the type of "core" class action endorsed in *Amchem*.  Without this class action — and without this settlement — most Settlement Class members would be "without effective strength to bring their arguments into court at all." *Amchem*, 521 U.S. at 617.  Unlike the class disapproved in *Amchem*, which presented highly individualized personal injury issues and future-injury classes, the instant Settlement Class seeks only economic damages.  *See In re Prudential*

*Ins. Co. of America Sales Practice Litigation*, 148 F.3d 283 (3d Cir. 1998) (distinguishing

*Amchem* in the consumer class action/economic damages only context).  Under these

circumstances, class certification, whether for purposes of settlement or trial, has long been held

proper.  *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) (settlement); *Central*

*Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177 (4th Cir. 1993) (trial); *In re School Asbestos*

*Litigation*, 789 F.2d 996 (3d Cir. 1986), *cert. denied*, *Celotex Corp v. School Dist. of Lancaster*,

479 U.S. 852 (1986), and *cert. denied*, *National Gypsum Co. v. School Dist. of Lancaster,*

479 U.S. 915 (1986).

## II.  THE PROPOSED SETTLEMENT CLASS SATISFIES THE REQUIREMENTS OF RULE 23.

### A.  The Class is Numerous and Joinder is Impracticable.

Rule 23(a)(1) requires that the number of plaintiffs be numerous and that joinder of

plaintiffs in one individual action be impracticable.  Here, the class, which includes hundreds of

thousands of geographically dispersed members, meets the requirement of numerosity.  *Stanich*,

249 F.R.D. at 522.

### B.  Common Questions of Fact or Law Exist.

Rule 23(a)(2) requires that there be "questions of fact or law common to the class."

Plaintiffs alleged that Defendants engaged in a uniform pattern of conduct.  Plaintiffs

further alleged that Defendants:  (1) had a duty to disclose to consumers the lowest available

price for Defendants' homeowners insurance; (2) systematically and uniformly sold insurance

policies at higher prices while concealing the existence of identical lower-priced policies from

consumers; (3) refused to train, supervise, monitor and discipline their authorized agents

nationwide who concealed from consumers the lowest available price for homeowners insurance;

and (4) were thus unjustly enriched at the expense of Plaintiffs and the Class, injured Plaintiffs and the Class, thus giving rise to their claims.

Although Defendants deny these claims, Plaintiffs contends that they present common issues. *Stanich*, 249 F.R.D. at 523. Moreover, and most importantly, because this Class is certified for settlement purposes only, all Settlement Class members have a common interest in having the Court evaluate the proposed settlement, consider the comments and reaction of the Settlement Class members to notice of the settlement, and make a determination of whether the settlement should be granted final approval. These settlement-related questions are the same for all Settlement Class members.

**C.     Representative Plaintiffs Will Fairly and Adequately Protect the Interests of the Class.**

Rule 23(a)(3) and (4) conditions class certification on a finding that "[t]he representative parties will fairly and adequately protect the interest of the Class," and that the named Plaintiffs' claims are "typical" of the Class's claims. This Court has already found both Mr. Lonardo and Mr. Frezza to be typical and adequate class representatives. *Stanich*, 249 F.R.D. at 523-24, 527-29 (finding Mr. Frezza adequate and typical); *Stanich*, 2009 U.S. Dist. LEXIS 5035, at *71 (N.D. Ohio Jan. 26, 2009) (finding Mr. Lonardo adequate and typical). Mr. Feldman is being joined to this suit because of his role as lead Plaintiff in the Arkansas litigation, and there is no basis for this Court to find he lacks typicality or adequacy given that his claims are virtually identical to those of Mr. Frezza and Mr. Lonardo.

**D.     The Rule 23(b)(3) Prerequisites for Settlement Certification are Met.**

Rule 23(b)(3) also requires a determination that common issues predominate, and that a class action is superior to other methods of adjudicating the controversy. Here, this Court previously found that both the predominance and superiority factors were met when this was a

litigated class action. *Stanich*, 249 F.R.D. at 521-22 (finding the Rule 23(b)(3) requirements of superiority and predominance met). Accordingly, there is no reason for this Court to find differently now that this is a settlement class action, which has lower certification standards. *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. at 376 (noting that a lower-threshold applies to the predominance finding when a settlement class rather than a litigated class is at issue, and also noting that differences in state law are not relevant to a settlement class); *Amchem Products, Inc.*, 521 U.S. at 619-20 (stating that when "confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial") (citation omitted).

## III. THE CRITERIA FOR PRELIMINARY SETTLEMENT APPROVAL ARE SATISFIED.

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, costs and rigors of prolonged litigation. *Armstrong*, 616 F.2d at 313; *see also 2 Newberg* § 11.41 (citing cases). These concerns apply with particular force in a case such as this, where the class members' claims individually have a relatively low value, such that it is not practicable to pursue them in individual litigation.

The purpose of the Court's preliminary evaluation of a proposed class action settlement is to determine whether the proposed settlement is "within the range of possible final approval," and thus whether notice to the class of the terms and conditions of the proposed settlement, and the scheduling of a formal fairness hearing, are worthwhile. *Armstrong*, 616 F.2d at 314 (*citing Manual*); *Mangone v. First USA Bank, NA*, 2000 WL 33529651, *2 (S.D. Ill. 2000) (*citing Manual*); *see also 2 Newberg*, § 11.25.

The *Manual* states that the Court looks to some of the following criteria in granting preliminary approval: whether there is "unduly preferential treatment of class representatives, or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation to the attorneys." *Manual* § 21.632; *see also* 2 *Newberg* § 11.25. When the Court "is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of … a formal fairness hearing is given to the class members." *Id.,* § 21.633.

The proposed settlement provides an excellent resolution to this litigation, warranting preliminary approval and submission to the Class for its consideration.

### A.    The Settlement Is the Product of Serious, Informed, and Arm's-Length Negotiations.

The proposed settlement is the result of intensive, arm's-length negotiations  between experienced attorneys familiar with the legal and factual issues of this case.  Class Counsel are experienced in the litigation, certification, trial, settlement, and claims processing of consumer insurance cases, including nationwide class actions with many legal and factual similarities to this case.  Settlement Class Counsel conducted an independent investigation regarding the extent and value of the plaintiffs' claims.  Settlement negotiations were conducted between designated representatives of the parties.  Class Counsel support the Settlement as fair, and as providing reasonable monetary relief to the members of the Class.

### B.    The Settlement Provides Reasonable Relief to Class Members.

The core terms of the settlement are described above.  Under the proposed settlement, Settlement Class members who complete and timely submit Claims Forms will receive cash compensation.  Additionally, the proposed settlement provides valuable equitable relief to the Class members in the form of a three-year restriction on the Defendants' ability to engage in

practices similar to those at issue in this case, subject to any changes in applicable statutes, rules, regulations, case law, or regulatory authorities.

> ### C.     The Settlement Treats All Settlement Class Members Consistently and Fairly.

Settlement Class members all equally benefit under the proposed settlement.  No segment of the Settlement Class is excluded or consigned to inferior benefits.  All Settlement Class members are entitled to receive the identical cash benefits:  $8.69 per completed annual Class Policy, and pro rated amounts for any Class Policies in force for less than one year.   The payment of these cash benefits will be made pursuant to a clear formula, described in the notice, and that ensures that payments are commensurate with the Class members' injuries.  All Class members need to do to receive compensation is complete a Claim Form, and send in the Form by the claims deadline.

Although the Settlement Class representatives will also seek an award of a token payment of $5,000 in recognition of their services on behalf of the Settlement Class, if approved, this will be paid separately by Defendants.  As such it will not reduce the award of any other Class member.  Such an award is appropriate and well recognized in class action practice.  Unlike unnamed Class members, who are the passive beneficiaries of his efforts on their behalf, the three class representatives here:  Mr. Frezza, Mr. Lonardo, and Mr. Feldman exposed themselves to investigation, and in the case of Mr. Frezza and Mr. Lonardo, sat for lengthy depositions, assisted in responding to written discovery, and undertook personally and successfully to achieve the benefit to the Class that this settlement represents.  Incentive awards, which serve as premiums above any claims-based recovery from the Settlement Fund, are routine and proper, and promote the public policy of encouraging individuals to undertake the commitment and responsibility of representative lawsuits.  Such awards are generally proportional to the

representatives' losses or claims, and can range from several hundred to many thousands of

dollars.  The award to be requested here is at the modest end of this spectrum.[5]

> **D.      There Was No Collusion.**

The negotiations were conducted at arm's-length.  While Defendants have agreed that

they will not object to any fee application by Plaintiffs' Counsel up to the amount listed in the

Settlement Agreement, the burden is on the Plaintiffs to justify their fee award to this Court.  At

the time of final settlement approval, Class Counsel will seek court approval of their request for

an award of attorneys' fees and reimbursement of costs.  This request will be formally presented

to the Court, pursuant to notice to the Class.  Attorneys' fees are proportionate to the results

achieved under the settlement, and here, Class Counsel have agreed to request a fee not in excess

of $6.6 million.

**IV.     THE PROPOSED FORMS OF NOTICE AND NOTICE PLAN SATISFY DUE
          PROCESS, AND ARE ADEQUATE.**

The method of notice proposed by the Settlement satisfies the requirements of the Federal

Rules of Civil Procedure and should be approved by the Court.  Notice of class certification of a

Rule 23(b)(3) class under Rule 23(c)(2) must be "the best practicable notice under the

---

[5] *See*, *e.g.*, *Gaskill  v. Gordon*, 1995 WL 746091 (N.D. Ill. 1995) ("these [class representatives] invested their time and effort and exposed themselves to litigation costs even though there was a significant risk that they might lose.  Equity requires that they receive greater compensation than others who did not.  Therefore, the court awards the two class representatives an incentive award of $6,000 each."); *Williams Corp. v. Kaiser Sand & Gravel.*, 1995 WL 1781676 (N.D. Cal. 1995) ("finally, the court authorizes an additional payment of $10,000 to . . . the Class Representative as compensation for its time and effort expended in the case."); *Carroll v. Blue Cross and Blue Shield of Massachusetts*, 157 F.R.D. 142, 143 (D. Mass. 1994); ("the class representative shall receive payments of $7,500 each as compensation for services rendered to the class in initiating and prosecuting this action"); *In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366, 376 (S.D. Ohio 1990) (incentive awards to compensate the class representatives for "time, risk and expenses" granted in amounts ranging from $35,000 to $55,000); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985) (stating "the propriety of allowing modest compensation to class representatives seems obvious," and awarding $20,000 to two named class representatives).

circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2).  A notice under Rule 23(c)(2) is required to provide the following information:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.*

Notice of a proposed settlement under Rule 23(e)(1) "must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1); *see also Fidel v. Farley*, 534 F.3d 508, 513-14 (6th Cir. 2008).  Notice of a class action settlement need only "fairly apprise the prospective members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interests."  *UAW*, 497 F.3d at 630 (quotation omitted).  Class settlement notices generally inform class members of: (1) the nature of the pending litigation, (2) the settlement's general terms, (3) that complete information is available from the court files, and (4) that any class member may appear and be heard at the Fairness Hearing.  *Manual* § 21.633 at 322.

The information contained in a Rule 23(e) notice greatly overlaps with that in the Rule 23(c)(2) notice.  Accordingly, the *Manual* states that notice under Rule 23(c)(2) and Rule 23(e) are sometimes combined for economy.  *Manual* § 21.633 at 321-22; *see also Manual* § 21.312 at 295 (enumerating the items that should be included in a class settlement notice).  Here, Plaintiffs

propose a combined form of notice that complies with Rule 23 and the *Manual's* guidance, and

that also is adopted directly from the template forms provided by the Federal Judicial Center.

### A.      Notice by Direct Mail is Appropriate.

Here, Plaintiffs propose providing notice by direct mail.  Notice by direct mail is the most

reliable way to inform class members of their rights and options.  "When the names and

addresses of most class members are known, notice by mail usually is preferred."  *Manual* §

21.311 at 287 (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 n.22 (1978)).

Moreover, Defendants are also establishing a toll-free hotline and information website, which

will supplement the direct mail notice.  Finally, notice of the settlement will be published in the

Monday to Thursday edition of the USA Today, or similar publication with national distribution.

Given that Defendants' records contain either current or last known contact information for all

class members, such publication notice is not required, but will provide an even greater layer of

notice to the class.

### B.      The Proposed Form of Notice is Appropriate.

The proposed form of the Class Notice also satisfies the Federal Rules of Civil

Procedure.  The essential components of a notice of class action and settlement are set forth in

the Federal Judicial Center's *Manual For Complex Litigation*, §§ 21.311-312, 40.4.  The notice

should inform Class members of:

- The substance of the action and the positions of the parties;
- The identities of the parties and counsel;
- The relief sought by Plaintiff;
- The essential terms of the proposed Settlement;
- The voluntary nature of Class membership and the manner in which to opt out of the class;
- The procedures and deadlines for commenting on the Settlement and submitting claim forms or requests for exclusion:
- The amount of expenses and fees for which Class Counsel will apply to the Court by separate motion;

- The place and time of the Final Fairness Hearing;
- The procedures for the allocation and distribution of the Settlement funds, and the types of injunctive relief available under the Settlement;
- The address and procedures for making inquiries and requests for additional information.

*Manual* § 21.211 at 289, § 21.212 at 295; 2 *Newberg*, § 8.32 at 8-105 (listing items to be considered for inclusion in the settlement notice).

The proposed notice, which has received the input and approval of all the parties, also fulfills the requirement of neutrality in class notices. *3 Newberg* § 8.39. It summarizes the proceedings to date, and the terms and conditions of the proposed settlement, in an informative and coherent manner, in compliance with the *Manual*'s statement that "the notice must contain a clear, accurate description of the key terms of the settlement…" *Manual*, § 21.312. It makes clear that the settlement does not constitute an admission of liability by the settling defendants, and recognizes that this Court has not ruled on the merits of the action. It also states that the final settlement approval decision has yet to be made. Accordingly, the notice complies with the standards of fairness, completeness, and neutrality required of a combined settlement certification class notice disseminated under authority of the Court. *See 3 Newberg* §§ 8.21, 8.39; *Manual*, §§ 21.311, 21.312.

## C.     The Opt-Out Period is Appropriate.

The opt-out period proposed here satisfies due process. Thirty (30) days notice of filing exclusions or objections has frequently been held to be sufficient. *See, e.g., Miller v. Republic Nat. Life Ins. Co.*, 559 F.2d 426 (5th Cir. 1977) (four weeks sufficient). For example, in *Silber v. Mabon*, 18 F.3d 1449, 1452-53 (9th Cir. 1994), the court approved an approximately five-week notice program, with an opt-out date roughly 40 days from the initial date of mailing of the notice, and about 35 days from the initial date of publication of notice. Similarly, in *Torrisi v.*

*Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993), *cert. denied, Reilly v. Tucson Elec. Power Co.*, 512 U.S. 1220 (1994), the court approved a notice program which provided for mailing of notice 31 days before the deadline for written objections, and only 45 days before a final settlement approval hearing in that case. *See also Gilman v. Independence Blue Cross*, 1997 WL 633568 (E.D. Pa. 1997) (opt-out deadline 47 days after notice first published); *In re Prudential Ins. Co. of America Sales Practice Lit.*, 962 F. Supp. at 507 (D.N.J. 1997) (notice sent in first week of November for December 19 opt-out date).

      **D.    The Notice Administrator Is Qualified.**

The parties have agreed upon, and hereby propose for appointment by the Court as the Notice and Claims Administrator, as Epiq Systems, Inc.  Its duties are described in the Settlement Agreement.  This publicly traded company has substantial experience working nationally and internationally on class action cases.

## CONCLUSION

For the foregoing reasons, Plaintiffs move for certification of the proposed Settlement Class and for entry of an order preliminarily approving the proposed settlement, approving the form of notice and Notice Plan, and directing implementation of the plan.

Dated:  November 10, 2009                    Respectfully submitted,


                                             /s/ Daniel P. Goetz
                                             R. ERIC KENNEDY (0006174)
                                             DANIEL P. GOETZ (0065549)
                                             **WEISMAN, KENNEDY & BERRIS,**
                                                 **CO., L..P.A.**
                                             1600 Midland Building
                                             101 Prospect Avenue West
                                             Cleveland, OH 44115
                                             (216) 781-1111
                                             (216) 781-6747 (fax)
                                             dlandever@weismanlaw.com
                                             ekennedy@weismanlaw.com
                                             drozman@weismanlaw.com
                                             dgoetz@weismanlaw.com

                                             Don Barrett
                                             BARRETT LAW OFFICE, P.A.
                                             404 Court Square North
                                             P.O. Box 987
                                             Lexington, MS 39095
                                             Phone: (662) 834-2376
                                             Fax: (662) 834-2628
                                             dbarrett@barrettlawoffice.com

                                             Charles Barrett
                                             BARRETT & ASSOCIATES, P.A.
                                             6518 Highway 100
                                             Suite 210
                                             Nashville, TN 37205
                                             Phone: (615) 515-3393
                                             Fax: (615) 515-3395
                                             cb@barrettandassociates.net

Dewitt M. Lovelace
LOVELACE LAW FIRM, P.A.
36474 Emerald Coast Parkway
Suite 4202
Destin, FL 32541
Phone: (850) 837-6020
Fax: (850) 837-4093
dml@lovelacelaw.com

Elizabeth J. Cabraser
Jahan C. Sagafi
LEIFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
Fax: (415) 956-1008
Ecabraser@lchb.com
jsagafi@lchb.com

John R. Patchett
PATCHETT LAW OFFICE
104 West Calvert
P.O. Box 1176
Marion, IL 62959
Phone: (618) 997-1984
Fax: (618) 998-1495

Pierce Gore
GORE LAW FIRM
22 Euclid Avenue
Los Gatos, CA 95030
Phone: (408) 354-1585
Fax: (408) 354-1603
piercegore@yahoo.com
*Attorneys for Plaintiffs*

Thomas Thrash
THRASH LAW FIRM
1101 Garland Street
Little Rock, AR 72201

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2009, the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing

system.  Parties may access this filing through the Court's system.


 /s/ R. Daniel P. Goetz___
DANIEL P. GOETZ (0065549)
**WEISMAN, KENNEDY & BERRIS
CO., L.P.A.**

*Attorneys for Plaintiffs and the Class*