UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PAUL LONARDO, et al.,** ) | |
| ) | |
| Plaintiffs, ) | CASE NO. 06 CV 0962 |
| vs. ) | |
| ) | Judge Kathleen O'Malley |
| **THE TRAVELERS INDEMNITY** ) | |
| **COMPANY and THE STANDARD** ) | |
| **FIRE INSURANCE COMPANY,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OBJECTION TO IMPROPERLY NOTICED
PETITION FOR ATTORNEYS' FEES,
AND NOTICE OF INTENT TO APPEAR**

Pursuant to Fed. R. Civ. P. 23(h)(2), class member Zita Spoeneman, 3545 Latimore Road, Shaker Heights, OH 44122, telephone number (216) 751-1444, Travelers policy # 9789269886331, hereby submits this objection to Settlement Counsel's Petition For Award Of Attorneys' Fees And Expenses ("Fee Petition") that was filed on January 25, 2010. While she requests an adjournment and continuance of the hearing on the just-filed Fee Petition, Ms. Spoeneman intends to appear at the hearing scheduled for January 27, 2010 through her undersigned counsel.

**I.  Class Counsel Failed to Direct Notice of Their Fee Petition to Class Members in a Reasonable Manner.**

Class Counsel filed their Fee Petition on January 25, 2010, just two days before the hearing scheduled on settlement approval and, presumably, the Fee Petition. Virtually no class members have seen it, and it is not posted on the settlement website. This fails to comply with Fed. R. Civ. P. 23(h).

Fed. R. Civ. P. 23(h) provides:

(1) *Motion for Award of Attorney Fees*. A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

(2) *Objections to Motion*. A class member, or a party from whom payment is sought, may object to the motion.

The right granted by this rule is the right to object to "*the motion*," not to the amount of fees requested by the motion. Therefore, logically, objections to the motion cannot be due prior to the time the motion is filed.[1]

In this district, a party has 14 days to oppose or otherwise respond to a motion. Local Rule 7.1(d). Therefore, class members should have at least 14 days after the Fee Application is reasonably served upon them in which to file a response. Ms. Spoeneman hereby objects to any award of fees or any hearing on the amount of class counsels' fees that occurs prior to 14 days after the Fee Application is reasonably served on the class.[2]

Merely filing the Fee Application with the Court, without notice to the class of when the motion is filed or how it can be accessed, is not "direct[ing notice] to class members in a reasonable manner." FRCP 23(h)(1).

---

[1] The response typically made by class counsel to a Rule 23(h) objection is that the notice of class action settlement itself was reasonable notice of class counsel's fee motion. In this case, however, that argument is unavailable, since the amount of the fee request was not accurately disclosed in the settlement notice, which stated that class counsel would request fees and expenses up to $6.6 million. The actual request is $4.6 million, a $2 million divergence from the figure disclosed in the settlement notice. Moreover, the basis of the fee request – class counsel's lodestar – was only disclosed in the January 25, 2010 Fee Application. Ms. Spoeneman, and all other class members, have not had adequate time to review class counsel's time records to determine whether their claimed lodestar is reasonable, or an opportunity to review the claims data to determine whether the requested fee is reasonable in relation to the amount paid to the class.

[2] While the better practice is to disclose in the settlement notice the date on which the fee motion will be filed and where it can be accessed, Objector Spoeneman believes that posting the Fee Application on the settlement website may constitute reasonable notice in the circumstances of this case.

Ms. Spoeneman reserves the right to supplement this objection within the fourteen (14) days provided to her by the local rules.

II. **The Court Should Not Award Any Fees Until The Claims Data Is Filed With the Court.**

While class counsel have sought to avoid any judicial focus on the actual benefits delivered to the class by requesting attorneys' fees based upon their lodestar and not upon a percentage of the common fund, the common fund methodology should still serve as a critical cross-check on class counsels' fees, if this Court elects to calculate fees according to the lodestar method. If the benefits received by the class are extremely modest, *e.g.*, less than $1,000,000, then a fee even in the amount of class counsel's unenhanced, claimed lodestar, or $3.4 million, would be excessive. There must be some minimal balance between the amount of money actually paid to class members and the amount paid to class counsel. It would be improper for class counsel to be awarded a fee that is grossly out of balance with the amount received by class members.

The Court should defer ruling on class counsel's attorney's fees until after the claims deadline, or February 17, 2010. *See In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 292 F. Supp. 2d 184, 190 (D. Me. 2003). *See also In re Mexico Money Transfer Litig.*, 267 F.3d 743, 748 (7th Cir. 2001) (face value of coupons not valuation of settlement; using data from other coupons settlements to project coupon utilization rate). It is unlikely that this Court will render a decision in this case before that date in any event. Therefore, the brief delay of a little more than three weeks after the Fairness Hearing will be well worth the wait, as it will permit the Court to make an accurate fee award based upon the amount that the class actually receives, and will ensure

that class counsel's lodestar fee is not a grossly excessive multiple of the total amount paid out by Travelers to class members in this case.

**III.     Attorney's Fees Should Not Exceed 25% of The Amount Actually Received By The Class.**

Federal courts have generally followed the Federal Judicial Center guidelines and endeavored to accurately value claims-made settlements when awarding attorneys' fees. They do not simply use the amount made available to the class when calculating a percentage attorneys' fee, but wait for the claims to come in and calculate the fee based upon the amount actually paid out to the class members. *See e.g., In re Compact Disc Minimum Advertised Price Litig.*, 370 F. Supp. 2d 320 (D. Me. 2005) (awarding attorney's fees of 30% of value of redeemed coupons, which was 30% of claimed lodestar). *See also In re Excess Value Ins. Coverage Litig.*, 2005 U.S. Dist. LEXIS 45104 (SDNY 2006) at *28-33 (awarding class counsel fees in the amount of 50% of vouchers redeemed, which was 35% of lodestar).

> Recognizing that percentage of funds is the preferred method of assessing fees in a settlement like this, with lodestar analysis providing only a check, I can effectively gauge appropriate attorney fees only if I know the total value of the settlement. But although I am satisfied that the coupon settlement has value to the class, I am not confident of the redemption rate that has been projected and thus of the settlement's total value. Therefore, I have determined to delay award of attorney fees until experience shows how many vouchers are exercised and thus how valuable the settlement really is.

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 292 F. Supp. 2d 184, 189-90 (D. Me. 2003) (Hornby, D.J.).

> The percentage of Settlement approach cannot be reasonably employed at this point because the Settlement's actual value to the Class is unclear and cannot accurately be assessed until the rate at which Class Members redeem UPS Vouchers is known… "Particularly where the common benefits are in the form of discounts, coupons, options or declaratory or injunctive relief, estimates of the value or even the existence of a common

4

> fund may be unreliable, rendering application of any percentage-of-recovery approach inappropriate. Where there is no secondary market for coupon redemption, the judge can conclude that the stated value of the coupons … does not provide a sufficiently firm foundation to support a fee award…"

*In re Excess Value Ins. Coverage Litig.,* 2004 U.S. Dist. LEXIS 14822 (S.D.N.Y. 2004) at *58 (quoting Manual for Complex Litigation § 14.121).

In *Yeagley v. Wells Fargo & Co.*, 2008 U.S. Dist. LEXIS 5040 (N.D. Cal. 2008), the court confronted the task of valuing a settlement for the purpose of awarding attorney's fees:

> Class counsel contend that the Court must consider the amount Wells Fargo could have paid under the settlement in determining the common fund for the purpose of attorney's fees. They argue that under the Ninth Circuit's decision in *Williams v. MGM-Pathe Communications Co.*, 129 F.3d 1026 (9th Cir. 1997), the Court *must find* that since all 3.8 million class members could have a made a claim for a free tri-merged credit report, the value of the recovery, that is, the common fund, is at least $114 million… *Williams* does not require this Court to adopt the fiction that the settlement is worth $114 million…. *Williams*, in contrast, was a settlement of a securities-fraud class action for $4.5 million in cash…
>
> Class counsel's $114 million figure is pure fantasy. Counsel does not offer a shred of evidence that suggests that the parties reasonably believed that Wells Fargo would actually pay anything near that amount, and the Court finds that they did not…. To award class counsel the same fee regardless of the claim participation rate, that is, regardless of the enthusiasm of the class for the benefits purportedly negotiated on their behalf, would reduce the incentive in future cases for class counsel to create a settlement which actually addresses the needs of the class. In this case, for example, the one percent claim rate demonstrates that the brochure did not effectively educate the class members about the importance of credit reports and monitoring their credit… Common sense dictates that a reasonable fee in a class action settlement is a fee that takes into account the actual results obtained.

*Id*. at *20-28. The court in *Yeagley* went on to award class counsel a fee of $325,000, or 25% of the value of claimed settlement benefits plus attorneys' fees, a figure that was approximately one-third of class counsels' claimed lodestar. *See also Managing Class*

5

*Action Litigation*: *A Pocket Guide for Judges*, Federal Judicial Center 2005 (attached hereto as *Exhibit 1*).

This case is clearly distinguishable from cases in which any remainder of unclaimed funds is paid to a *cy pres* recipient, with the result that no amount of the settlement fund reverts to the defendant. *See, e.g.*, *Moulton v. U.S. Steel Corp.*, 581 F.3d 344 (6th Cir. 2009) (unclaimed settlement funds paid to public schools); *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437-38 (2d Cir. 2007) (entire fund paid to class if unclaimed portion of funds paid to *cy pres* recipient). Here, no amounts will be paid other than the $8.69 per year that will be paid to each claiming class member.

The settlement should be amended to provide some minimum guaranteed payment, or "floor", that Travelers will have to pay regardless of the claims rate. If the claims submitted do not reach the floor, then the difference between the amounts claimed and the amount of the floor can be distributed *pro rata* to the claimants, or be paid to appropriate charities in the form of *cy pres*, as was done in the case of *Moulton v. U.S. Steel Corp.*, 581 F.3d 344 (6th Cir. 2009). Objectors suggest that the floor be set at the amount of at least $15 million. This would result in Travelers making at least some substantial payment in consideration for the release of the class' claims, and would also make a $4.6 million fee reasonable as it would constitute no more than 30% of the total fund.

**CONCLUSION**

WHEREFORE, Class member Zita Speoneman prays that this Court (1) defer ruling on class counsels' Petition for an Award of Attorney's Fees until fourteen (14) days after the Petition is posted on the settlement website; (2) order that the Petition be posted on the settlement website; (3) order that each class member shall have fourteen (14) days from the date upon which the Petition is posted on the settlement website to file objections thereto; and (4) order the parties to report back to the Court after February 17, 2010 on (a) the total number of claims submitted by the class, and (b) the total amount to be paid by Travelers in satisfaction of valid claims.

        Respectfully submitted,

        /s/Edward F. Siegel
        Edward F. Siegel (Ohio Bar 0012912)
        27600 Chagrin Blvd. #340
        Cleveland Ohio 44122
        Voice: (216) 831-3424
        Fax:   (216) 831-6584
        e-mail: efsiegel@efs-law.com


        John J. Pentz, Esq. (Of Counsel)
        Class Action Fairness Group
        2 Clock Tower Place, Suite 440
        Maynard, MA  01754
        Phone: (978) 461-1548
        Fax: (978) 405-5161
        Clasaxn@earthlink.net

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that on January 26, 2010 he efiled a true copy of the foregoing via the ECF filing system and thereby caused an electronic copy to be served upon each counsel of record.

*Edward F. Siegel*
Edward F. Siegel
