**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PAUL LONARDO, on behalf of himself and others similarly situated,** | : | **JUDGE KATHLEEN M. O'MALLEY** |
| | : | |
| **and** | : | |
| | : | |
| **DANTE FREZZA, on behalf of himself and others similarly situated,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOSEPH FELDMAN, on behalf of himself and others similarly situated,** | : | |
| | : | |
| **Plaintiffs,** | : | **CASE NO.  1:06-CV-962** |
| | : | |
| **v.** | : | |
| | : | **ORDER** |
| **TRAVELERS INDEMNITY CO.** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

I. **INTRODUCTION**

On March 31, 2010, the Court issued an Opinion & Order granting (1) Plaintiffs' Motion for

Final Approval of Class Action Settlement and Incentive Award to Class Representatives ("Motion for

Final Approval") (Doc. 175); and (2) Motion for Order Granting Settlement Class Counsel's Petition

for Award of Attorney Fees and Expenses ("Fee Petition") (Doc. 176).  (Doc. 194 ("March 31 Opinion

& Order").)  Because of the extensive history of the case, the importance of the Court's duty with

respect to ensuring the fairness and adequacy of class action settlement agreements under Rule 23 of

the Federal Rules of Civil Procedure, and the fact that Class Counsel proposed an innovative approach

to evaluating the propriety of the attorneys' fee award in light of unsettled law, the Court devoted

approximately fifty-eight (58) of the sixty (60) page Opinion & Order to analyzing and resolving the

Motion for Final Approval and the Fee Petition.  (*Id.*)

It is those last two pages that are now before the Court, however.  Objector Daniel Greenberg

has filed a motion to reconsider section IV of the March 31 Opinion & Order under Rule 59(e), or, in

the alternative, he requests discovery to prove that his objection was a benefit to the Settlement Class.

(Doc. 198 ("Motion to Reconsider").)  Objector Greenberg's Motion to Reconsider does not challenge

any aspect of the Court's analysis or conclusions with respect to the Motion for Final Approval or Fee

Petition.  It is narrowly tailored to address a single issue: whether the Court acted prematurely and/or

improperly by denying Objector Greenberg's request to file a motion for leave to file a petition for

attorneys' fees for his attorney, Theodore H. Frank of the Center for Class Action Fairness.  It is this

ruling – and this ruling alone -- that Objector Greenberg is now asking the Court to reconsider under

Rule 59(e) of the Federal Rules of Civil Procedure.  For the reasons explained below, the Court

**GRANTS, in part**, Objector Greenberg's Motion to Reconsider and **AWARDS** Objector Greenberg:

(1) **$500.00** as an incentive award and (2) **$39,936.00** for attorneys' fees.[1]

## II.    DISCUSSION

### A.    BACKGROUND

The procedural history of this case is set forth in detail in the March 31 Opinion & Order, as

well as the extensive class certification opinions the Court previously issued (Docs. 128 and 141).

Accordingly, with one notable exception discussed immediately below, the Court will not reiterate that

---

[1]    Also before the Court, as attachments to Objector Greenberg's Motion to Reconsider, are his Proposed Motion for Incentive and Attorneys' Fees and Costs  (Doc. 198-4) ("Motion for Fees"), the memorandum in support thereof (Doc. 198-5), and the affidavits in support of the proposed award (Docs. 198-2 and 198-3).  For the reasons discussed below, the Court deems the Proposed Motion for Fees filed *instanter* and grants it, in part.

information here, but, instead, expressly incorporates the procedural history sections of those orders into this Order.  (*See* Docs. 128, 141, 194.)

After years of hard-fought litigation, the parties reached a Settlement Agreement fully resolving this case in the Fall of 2009.  That Settlement Agreement initiated the required procedures for obtaining the Court's approval of the Settlement Agreement under Rule 23 of the Federal Rules of Civil Procedure.  The Court preliminarily approved the parties' Settlement Agreement in November 2009. (Doc. 170.)  As preliminarily approved, the Settlement Agreement included a provision for attorneys' fees pursuant to which Class Counsels' fees would be paid by the Defendants from a fund independent of the funds available to the Settlement Class.  (Doc. 194 at 11.)  Further, the Defendants agreed not to oppose a request for attorneys' fees by Class Counsel up to $6.6 million.  (*Id*.)

During the course of the Rule 23 approval process, however, the parties negotiated an amendment to the Settlement Agreement in late-January 2010.  Specifically, they reduced the amount Class Counsel could request without objection by $2 million and agreed to add that $2 million reversion from the attorneys' fees fund to the amount available to the class.  (*Id*.)  This amendment is central to Objector Greenberg's arguments in the Motion to Reconsider.  Objector Greenberg accurately notes that the amendment was negotiated after the deadline for Settlement Class Member objections – and, thus, after he filed his objection. (Doc. 198 at 3.)  Simply put, Objector Greenberg believes that his objection caused the parties to amend the settlement to add this $2 million reversion to the amount available to the Settlement Class, or, at least, his objection was an important factor that contributed to the parties' decision to amend.  Consequently, he argues, he is entitled to attorneys' fees in recognition of the benefit his objection provided to the Settlement Class.

The additional background information critical to resolving the Motion to Reconsider is Section

3

IV of the March 31 Opinion & Order – i.e., the ruling Objector Greenberg is asking the Court to reconsider.  In its entirety, Section IV of the March 31 Opinion & Order states as follows:

## IV.    MR. GREENBERG'S REQUEST FOR ATTORNEYS' FEES

In his supplemental brief, Mr. Greenberg argues that he is entitled to reasonable attorneys' fees and an incentive award for his role in improving the Settlement Agreement for the benefit of the Settlement Class.  (Doc. 191 at 7.)  Specifically, he argues that:

> On the eve of the fairness hearing, the parties agreed to reduce the attorneys' fees by $2 million and increase class recovery by the same amount.  Because the court does not have the power to "blue pencil" the settlement, this decision has to be attributed to the only formal objection filed in this case—especially given the timing of the decision to modify the settlement.

(*Id*.)

Sixth Circuit case law recognizes that awards of attorneys' fees to objectors may be appropriate where the objector provided a benefit to the class by virtue of their objection.  *See Bowling*, 102 F.3d at 779 (affirming award of fees to objector); *see also Olden v. Gardner*, 294 Fed. Appx. 210, 221 (6th Cir. 2008) ("Fees and costs may be awarded to the counsel for objectors to a class action settlement if the work of the counsel produced a beneficial result for the class." (omitting internal citations)); *In re Cardinal Health, Inc. Sec. Litig.*, 550 F. Supp. 2d 751, 753-54 (S.D. Ohio 2008) ("An objector to a class-action settlement is not normally entitled to a fee award unless he confers a benefit on the class. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002); *In re Prudential Ins. Co. of America Sales Practices Litigation*, 273 F.Supp.2d 563, 565 (D.N.J. 2003).").  The standard of review on appeal for an award of attorneys' fees to an objector is abuse of discretion.  *See Bowling*, 102 F.3d at 779.  In addition, as explained in *In re Cardinal Health*, 550 F. Supp. 2d at 753-54, in evaluating a request for attorneys' fees filed by an objector, courts are mindful of the fact that some attorneys use such requests as an opportunity to capitalize on a class settlement without having provided any real and meaningful benefit to the class.

Mr. Greenberg and his counsel, Mr. Frank, argue that they have provided a benefit to the Settlement Class by at least encouraging the parties to re-visit the attorneys' fees provisions of the Settlement Agreement.  In addition, the Court is convinced that Mr. Frank's goals are policy-oriented as opposed to economic and self-serving.  With the exception of pointing out that the amendment to the Settlement Agreement occurred after he filed his objection, however, Mr. Greenberg has not submitted any evidence to support the notion that his objections – as opposed to the

objections of other Settlement Class Members, or even objections of the Court itself[2]
– actually provided a meaningful benefit to the class.  While Mr. Frank's policy
arguments contribute to the legal discussion regarding this important area of law, the
Court finds that they did not increase the tangible or intangible benefits available to <u>this</u>
Settlement Class.  Accordingly, the Court **DENIES** Mr. Greenberg's request for leave
to file a formal fee petition.

(Doc. 194 at 58-59 (footnote in original).)  In other words, based on its intimate knowledge of this long-

standing class action dispute, its supervision of the settlement process, and the arguments submitted in

writing and at the final fairness hearing, the Court exercised its discretion to find that Objector

Greenberg had not conferred a benefit upon the class sufficient to support an award of attorneys' fees.

### B.     MOTION TO RECONSIDER

Objector Greenberg's Motion to Reconsider challenges this discretionary finding pursuant to

Rule 59(e) of the Federal Rules of Civil Procedure.  (Doc. 198.)  He argues that the March 31 Opinion

& Order must be altered or amended because the Court made "a clear error of law" or because "newly

discovered evidence" requires it.  (*Id.* at 2 (citing *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d

804, 834 (6th Cir. 1999), for the standard applicable to a Rule 59(e) motion).)

### 1.     Summary of Objector Greenberg's Arguments

### a.     "Clear Error"

According to Objector Greenberg, the Court committed "clear error" when it "prematurely"

denied him leave to file a fee petition.  He states that "[t]he Court's ruling was premature, because

Objector [Greenberg] did not have grounds to file a motion for fees." (Doc. 198 at 2.)  This is because,

---

[2]     This Court has long been on record, expressing the view that attorneys' fee payments
exceeding 30 percent of a Benefit Fund are too rich, a fact of which Class Counsel
was aware.  There were, moreover, other objections to the scope of the fee award,
including one sent directly to the Court before Mr. Greenberg's objections were
submitted.  (*See* Oseas Decl., Doc. 174-1 at 3.)

he argues, "[p]rior to approval, Objector [Greenberg] had no possible claim for attorneys' fees, and indeed maintained that the proposed settlement should be disapproved as unfair to the class, even as amended.  If Objector [Greenberg] had prevailed in his renewed objection, he would not be entitled to attorneys' fees."  (*Id*. at 2, n.1.)  Similarly, he argues that the denial was premature because "it was based on the lack of evidence in support of a fee award, but Greenberg was not obligated to present such evidence until after the approval of the settlement."  (*Id*. at 1.)

> **b.** **"Newly Discovered Evidence"**

The "newly discovered evidence" upon which Objector Greenberg relies is contained primarily in an affidavit from Class Counselor R. Eric Kennedy dated April 26, 2010.  (Doc. 198-1.)  In its entirety, Mr. Kennedy's affidavit states as follows:

> I, R. Eric Kennedy, under penalty of perjury do hereby submit this affidavit and state as follows:
>
> 1. I am an attorney licensed in the State of Ohio and I am one of the Class Counsel in the case styled *Paul Lonardo, et al. v. The Travelers Indemnity Company*, U.S. District Court, N.E. Ohio, Case No. 06 CV 962.
> 2. I was intimately involved in all settlement negotiations in this matter from the first negotiation that officially began in the Spring of 2009 and all subsequent and continuing negotiations, including the negotiations that culminated in the First Amendment to Settlement Agreement.
> 3. On January 11, 2010 the Objection of Daniel Greenberg was filed by his counsel Theodore H. Frank of the Center for Class Action Fairness. (D.C. Docket No. 173).
> 4. I, along with my co-counsel, thoroughly reviewed and analyzed Mr. Greenberg's objection.
> 5. Mr. Greenberg's objection played a role in the continuing negotiations that culminated in the First Amendment to the Settlement Agreement. (D.C. Docket No. 190).
> 6. The objection of Mr. Greenberg provided value to the Class Members.
> 7. Any fee awarded to Mr. Greenberg's counsel should come from the Class Counsel's fees and expenses previously awarded by this Honorable Court. (D.C. Docket No. 194).

FURTHER AFFIANT SAYETH NOT.

(Doc. 198-1 ("Kennedy Affidavit").)   Objector Greenberg characterizes the Kennedy Affidavit as

"previously unavailable evidence" because it was obtained as a result of conversations between Class

Counsel and Mr. Frank <u>after</u> the March 31 Opinion & Order.  (Doc. 198 at 4.)  Specifically, in his own

declaration in support of the Motion to Reconsider, Mr. Frank states:

> Plaintiffs' attorney R. Eric Kennedy told me in a telephone conversation on April 10, 2010 that the objection played a role in the negotiations for the amendment to the settlement.  Mr. Kennedy agreed to provide a declaration to that effect.  Mr. Greenberg offered no consideration in exchange for that declaration.  I believe that Mr. Kennedy's declaration is dispositive on the issue, but, on information and belief, discovery would produce further evidence that the Greenberg objection made a material difference in class recovery.

(Doc. 198-2 ¶ 8 ("Frank Declaration").)

### 2.     The Rule 59(e) Standard

A motion to reconsider may be treated as a motion to alter or amend a judgment pursuant to

Rule 59(e) of the Federal Rules of Civil Procedure.[3]  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617-18 (6th

Cir. 2002); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979).  "The grant or denial of a Rule 59(e)

motion is within the informed discretion of the district court, reversible only for abuse." *Betts v. Costco*

*Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009) (quoting *Scotts Co. v. Central Garden & Pet Co.*,

403 F.3d 781, 788 (6th Cir.2005)).  A Rule 59(e) motion may be well-taken if there is (1) a clear error

of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent

manifest injustice.  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc.*,

178 F.3d at 834).

---

[3]     Rule 59(e) provides as follows, in its entirety: "(e) <u>Motion to Alter or Amend a Judgment</u>. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

Here, Objector Greenberg asserts that clear error and newly discovered evidence are at issue, and, under the unusual circumstances of this Motion to Reconsider, prevention of manifest injustice is also important.[4]

### a.    The Definition of "Clear Error" for Rule 59(e) Purposes

Although the Sixth Circuit has not precisely defined "clear error" in the context of the Rule 59(e) analysis, courts within other circuits have clearly indicated that a high standard applies. *See Dorger v. Allstate Ins. Co.*, Case No. 2-08-56, 2009 WL 2136268, at *1 (E.D. Ky. July 16, 2009) (stating that the Rule 59(e) movant "must not only establish that errors were made, but that these errors were so egregious that an appellate court could not affirm the judgment." and citing *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000) (defining "manifest error" as "wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court.") and *H & A Land Corp. v. City of Kennedale*, No. 04:02-458, 2005 U.S. Dist. LEXIS 25797, *5 (N.D. Tex. Oct. 24, 2005) ("[t]here is no precise definition in the law for what constitutes "clear error," though it's clear that any analysis of clear error should conform to a very exacting standard. District courts should have a clear conviction of error before finding that a . . . judgment was predicated on clear error. In essence, a judgment must be "dead wrong" to qualify as being clearly erroneous.")).  For example, the Sixth Circuit has held that a district court committed clear error when it violated the express terms of Rule 41(b) by dismissing a case *with* prejudice for lack of personal jurisdiction.  *Intera Corp.*, 428 F.3d at 620.

---

[4]    There is no argument that the law applicable to this case changed, so the third circumstance is not relevant here.

**b.** **The Definition of "Newly Discovered Evidence" for Rule 59(e) Purposes**

Newly discovered evidence is evidence that was not previously <u>available</u> to the movant. *GenCorp, Inc.*, 178 F.3d at 834. It is <u>not</u> evidence that was available to the movant before the judgment in question issued, but which the movant did not discover until post-judgment. *See id.*; *see also Gritton v. Disponett*, 332 Fed. Appx. 232, 239 (6th Cir. May 27, 2009) (finding witness statements submitted post-judgment could have been discovered pre-judgment upon diligent investigation).

**c.** **Prevention of "Manifest Injustice" for Rule 59(e) Purposes**

Although the "manifest injustice" ground for a Rule 59(e) motion appears to be a catch-all provision, it is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind. *See*, *e.g.*, *GenCorp*, 178 F.3d at 834. Instead, whether manifest injustice would result from denying a Rule 59(e) motion is, by definition, a fact-specific analysis that falls squarely within the discretionary authority of the Court. *Id.* In exercising this discretion, the Court should weigh the importance of bringing litigation to a firm conclusion and the need to render fair and just rulings. *Id.*

**3.** **Analysis of Objector Greenberg's Rule 59(e) Arguments**

In light of the above definitions of "clear error," "newly discovered evidence," and prevention of "manifest injustice," the Court finds that Objector Greenberg's Motion to Reconsider should be granted, but not for the reasons he advances. In short, the Court finds that it did <u>not</u> "clearly err," that the Kennedy Affidavit is <u>not</u> newly discovered evidence, but that it would be manifestly unfair to deny Objector Greenberg an attorneys' fee award when lead counsel for the Settlement Class expressly stated in his affidavit that (1) the Greenberg objection provided some value to the class <u>and</u> (2) that such a fee should come from Class Counsel's attorneys' fee award.

9

### a.     The Court Did Not Clearly Err

While Objector Greenberg argues that the Court committed clear error by denying his motion for leave to file a fee petition, he cites no authority in support of his arguments on this point.   In essence, Objector Greenberg's argument is that a district court cannot determine whether an objector is entitled to an attorneys' fee award until after (1) the Court issues its ruling regarding the fairness and adequacy of the settlement agreement and then (2) gives the objector an opportunity to submit evidence in support of an attorneys' fee award.

It is undisputed that attorneys' fee awards for objectors are within the sole discretion of the district court.  *See In re Cardinal Health, Inc. Sec. Litig.*, 550 F. Supp. 2d 751, 753 (S.D. Ohio 2008) (citing *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 779 (6ᵗʰ Cir. 1996)); *see also Olden v. Gardener*, 294 Fed. Appx. 210, 221 (6ᵗʰ Cir. 2008); *Petrovic v. Amoco Oil, Co.*, 200 F.3d 1140, 1156 (8ᵗʰ Cir. 1999) (upholding denial of objectors' attorneys' fees and stating that: "Decisions of the district court regarding attorney fees in a class action settlement will generally be set aside only upon a showing that the action amounted to an abuse of discretion.").  This is the standard the Court applied in the March 31 Opinion & Order, and Objector Greenberg has not challenged it.  Furthermore, Rule 23(h) gives the Court the discretion to determine the timing of fee petitions.  Fed. R. Civ. P. 23(h).

Objector Greenberg has not cited any authority indicating that it was improper for the Court to evaluate his contribution to the Settlement Class after carefully reviewing his initial objection (Doc. 173), affording his counsel an unfettered opportunity to present his arguments at the Final Fairness Hearing (Doc. 188), including those relating to his desire to seek a fee award, and reviewing his supplemental submission in support of his objection (Doc. 191).  Indeed, it is clear that, at the time the Court denied Objector Greenberg's motion for leave to file a motion for attorneys' fees, it was very

familiar with Objector Greenberg's arguments and his role in this litigation.  The Court was obviously familiar, moreover, with what motivated its own decision to approve the settlement *and* with whether it would have approved a settlement without the $2 million reversion to the class.[5]  Accordingly, there is no basis to conclude that the Court clearly erred when it denied this motion.

Objector Greenberg asserts that it would be impossible for an objector opposing a settlement agreement to claim an entitlement to attorneys' fees before the Court approves the settlement agreement because the affect of the objection is unclear until that point in time.  The circumstances of this case demonstrate why this argument is red herring, however.  Here, Objector Greenberg's arguments consisted of challenges to the specific terms of a Settlement Agreement which had already been amended to reflect the change for which Objector Greenberg claims some responsibility.  All issues relating to his objections and any changes to the settlement thereafter were ripe as of the final fairness hearing.  The Court considered all of the legal and factual arguments presented by Objector Greenberg at the hearing.  Therefore, when the Court denied Objector Greenberg's motion for leave to file a fee petition, it did so with a complete understanding of the fundamental basis for the objector's anticipated fee petition.  Objector Greenberg made it clear, both at the Final Fairness Hearing and in his supplemental brief, that he believed that his objection inspired the amendment to the Settlement Agreement and that a fee award to him would be appropriate on that ground.  This remains the basis for his argument that he is entitled to a fee award.  Accordingly, the Court chose to deny Objector Greenberg's motion for leave to file a fee petition in the interest of efficiency – i.e., to save Mr. Frank the time and expense of preparing a written fee petition based on arguments that had already been

---

[5]  More pointedly, the Court was aware what its decision would have been regarding the propriety of the settlement as originally proposed, with or without any objection to that proposal.

presented to the Court, and to promote judicial efficiency by addressing in the March 31 Opinion & Order all of the matters fairly presented to the Court.

Lastly, it is hypothetically possible that Objector Greenberg's requested fee petition could have included the information in the Kennedy Affidavit. It does not follow, however, that the Court committed "clear error" – an error characterized by "wholesale disregard, misapplication, or failure to recognize controlling precedent," *see Oto*, 224 F.3d at 606, – for Rule 59(e) purposes by choosing a procedural approach emphasizing efficiency and finality and based on a well-developed record. Simply put, there is no authority for the proposition that a district court that has been presented with the basis of an Objector's arguments for attorneys' fees must nonetheless allow the Objector an independent and subsequent opportunity to file a written fee petition.[6]

Accordingly, the Court rejects Objector Greenberg's argument that the Court committed "clear error" under Rule 59(e).

---

[6]     Objector Greenberg states that, at least, he should be entitled to discovery regarding his alleged contribution to the Settlement Class benefits, and that "it would violate due process if the Court adopted a standard requiring an objector to disprove that something other than an objection caused a renegotiation of a settlement before obtaining fees without permitting discovery to obtain that evidence." (Doc. 198 at 10.) The Court is not adopting a generally applicable standard of any kind in this Order, however. Instead, consistent with its supervisory duties and discretionary authority under Rule 23, the Court has evaluated each aspect of this Settlement Agreement based on the particular facts of this case. As Objector Greenberg points out (*see* Doc. 198-2 at 3), this is an unusual, perhaps unprecedented, situation because the parties voluntarily agreed to improve the Settlement Agreement even after preliminary approval. Sensitive to this fact, the Court allowed objectors additional time to file a supplemental brief in opposition to Class Counsel's Fee Petition after the Final Fairness Hearing, and Objector Greenberg took advantage of this opportunity. Given the applicable standard and the Court's unquestioned discretion to award attorneys' fees, this procedure cannot constitute a violation of due process. Furthermore, for the reasons discussed below, the Court will ultimately award Objector Greenberg attorneys' fees in the interest of fundamental fairness in light of the Kennedy Affidavit.

12

### b.    The Kennedy Affidavit Is Not "Newly Discovered Evidence"

The Kennedy Affidavit is "new" to the extent that it resulted from a post-judgment conversation and was executed post-judgment.  It is not "newly discovered evidence" for Rule 59(e) purposes, however, because the information contained in the affidavit was available to Objector Greenberg prior to March 31, 2010.  *See Gritton*, 332 Fed. Appx. at 239 (finding witness statements submitted post-judgment could have been discovered pre-judgment upon diligent investigation).  Like his "clear error" argument, Objector Greenberg's contention that the Kennedy Affidavit is "newly discovered evidence" glosses over the relevant definition of that term for Rule 59(e) purposes.  Objector Greenberg does not attempt to explain how or why the information in the Kennedy Affidavit was unavailable to him prior to March 31, 2010.  He simply describes the affidavit as "previously unavailable evidence" that he "has discovered." (Doc. 198 at 4.)  The April 10, 2010 conversation between Mr. Frank and Mr. Kennedy referenced in Mr. Frank's affidavit could have occurred anytime after the parties agreed to amend the Settlement Agreement. (*See* Doc. 198-2 at 3.)  Like the statements submitted post-judgment in *Gritton*, 332 Fed. Appx. at 239, Mr. Kennedy's beliefs regarding Objector Greenberg's contribution to the Settlement Agreement could have been discovered prior to the judgment.  Accordingly, the Kennedy Affidavit does not fall within the applicable definition of "newly discovered evidence" and cannot serve as the grounds for granting the Motion to Reconsider.

### c.    The Motion to Reconsider Is Granted In the Interest of Fairness

Although it does not meet the definition of "newly discovered evidence," the Kennedy Affidavit does establish the essential basis of Objector Greenberg's claim that he is entitled to an award of attorneys' fees because it attests that the objection provided a benefit to the Settlement Class. (*See* Kennedy Affidavit, Doc. 198-1.)  The Kennedy Affidavit is a clear statement in support of a fee award

for Objector Greenberg.  It comes from lead Class Counsel, a source with specific and reliable knowledge of all of the facts surrounding the amendment to the Settlement Agreement, and it is unequivocal.  It is also significant that it includes the stipulation that any fee award to Objector Greenberg should come from Class Counsel's fee award, and, therefore, will not reduce the amount available to the Settlement Class.

Under these circumstances, it would be unfair to deny Objector Greenberg's Motion to Reconsider.  This is not a situation in which a dissatisfied Rule 59(e) movant simply attempts to persuade the Court to change its mind.  The Kennedy Affidavit provides information that (1) the Court did not consider previously and (2) is dispositive of the central question with respect to Objector Greenberg's entitlement to attorneys' fees because it expressly states that his objection provided a benefit to the Settlement Class.  In order to deny Objector Greenberg's Motion to Reconsider, the Court would have to ignore reliable evidence establishing that the applicable standard – i.e., providing a benefit to the class – has been met. Thus, while it may be true that the Court ultimately would have demanded the $2 million dollar reversion as a condition of its approval, it appears that the parties' decision to propose it without a Court order was prompted, at least in part, by Objector Greenberg's filing.  At a minimum then, Objector Greenberg's efforts helped streamline the settlement process.

In light of the Court's broad discretion to determine attorneys' fee awards in class actions, the Court also has the discretionary authority to revisit its ruling with respect to attorneys' fees in response to a timely-filed Rule 59(e) motion under these unusual circumstances.  Accordingly, weighing the importance of bringing litigation to a firm conclusion against the need to render fair and just rulings, *see GenCorp*, 178 F.3d at 834, the Court finds that it is appropriate to alter the March 31, 2010 judgment by awarding Objector Greenberg attorneys' fees in an amount that recognizes the value Mr.

14

Kennedy acknowledges he provided to the Settlement Class.  Objector Greenberg's Motion to Reconsider is **GRANTED**.

### C. PROPOSED MOTION FOR INCENTIVE FEES, ATTORNEYS' FEES, AND COSTS

Having granted the Motion to Reconsider, the Court accepts Objector Greenberg's Proposed Motion for Incentive Fees, Attorneys' Fees, and Costs (Doc. 198-4 ("Motion for Fees")) as filed *instanter* in order to determine the appropriate amount of the attorneys' fee award.[7]  In his Motion for Fees, Objector Greenberg requests an incentive award of $1,000 for himself, $88,000 in attorneys' fees, and $742.86 in costs incurred.  (Doc. 194-4 at 2.)  He notes that the requested $1,000 incentive award is one-fifth of the amount of the incentive payments the Court awarded to the named Settlement Class Representatives and the requested $88,000 attorneys' fee award is based on a lodestar amount of $39,936 with a multiplier of 2.2.  He concedes, however, citing the recent Supreme Court case *Perdue v. Kenny A.*, __ U.S. __, 130 S. Ct. 1662, (2010), that "there is a 'strong presumption' that an unenhanced lodestar is a reasonable fee[,]" and he states that "a multiplier of 1.3 (identical to the plaintiffs' counsel) or even 1.0 may be more appropriate if the Court were to rely upon the lodestar, rather than the percentage of recovery, as grounds for the fee."  (*Id*. at 15.)

For the reasons set forth below, the Court **AWARDS** an **INCENTIVE PAYMENT** in the amount of **$500** and **ATTORNEYS' FEES** in the amount of **$39,936** payable to Objector Daniel Greenberg.  **Both of these awards shall be paid out of the pool of funds available to pay Class Counsel**.

#### 1. Objector Greenberg Is Awarded an Incentive Payment of $500

---

[7]  Consequently, the Court will treat the Motion for Fees as a timely and valid Rule 54(d)(2) motion. Fed. R. Civ. P. 54(d)(2); *see also* Doc. 198-4 at 2, n.1.

The rationale for incentive awards is discussed in the Court's March 31 Opinion & Order and will not be repeated in detail here.  (*See* Doc. 194 at 30-31.)  In short, incentive awards acknowledge extensive time and effort on behalf of the class that distinguishes a class representative from an ordinary class member.  *See Hadix v. Johnson*, 322 F.3d 895, 898 (6th Cir. 2003).  The Court held that the named class representatives in this case were entitled to a $5,000 incentive award because each submitted an affidavit describing his extensive involvement in the litigation and assistance to Class Counsel.  (Doc. 194 at 31.)  In contrast, there is no evidence that Objector Greenberg devoted substantial time or effort to this case.  He correctly notes that he "voluntarily involved himself in a case impacting over 400,000 class members," but does not describe any further involvement with this litigation.  Based on that nominal contribution, he is entitled to the nominal sum of $500.00 as an incentive award.

## 2.    Objector Greenberg Is Awarded $39,936 for Attorneys' Fees

The March 31 Opinion & Order sets forth and discusses the law applicable to determining attorneys' fee awards in class action settlement scenarios in great detail.  (Doc. 194 at 32-58.)  That discussion is expressly incorporated into this Order, and, in the interest of efficiency, will not be repeated here unless specifically applicable.  For the reasons that follow, the Court accepts Objector Greenberg's unenhanced lodestar figure – $39,936 – as a reasonable attorneys' fee under the circumstances of this case.

### a.    Introduction to Attorneys' Fee Award

In the March 31 Opinion & Order, the Court emphasized the fact that Rule 23 requires district courts to approve settlement agreements not only to ensure that the settlement is fair to absent class members, but also to ensure that class counsel is adequately compensated so that attorneys are willing to take on the significant risk of litigating class actions and the policy goals of the class action device

16

are realized.  (Doc. 194 at 37-38.)  The Court also explained that, in the Sixth Circuit, the district has

the discretion to determine the best method to determine an appropriate fee award on a case-by-case

basis.  (*Id*. at 33, 38 (citing, e.g., *In re Sulzer Orthopedics Inc.*, 398 F.3d 778, 780 (6th Cir. 2005);

*Bowling*, 102 F.3d at 779; *In re Sulzer Hip Prosthesis and Knee Prosthesis Liab. Litig.*, 268 F. Supp.

2d 907, 922 (N.D. Ohio 2003)).)  The two most common methods are the lodestar method and the

percentage of the fund method.  Generally, Courts within the Sixth Circuit have concluded that the

"lodestar method better accounts for the amount of work done, while the percentage of the fund method

more accurately reflects the results achieved."  *See Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d

513, 516 (6th Cir. 1993).  They have also held that using the percentage of the fund method to cross-

check the lodestar figure is an effective, if time-consuming, approach that is appropriate in some cases.

*See Sulzer*, 268 F. Supp. 2d at 922.

      In part because of the length of the litigation, the complex and novel legal theory at the heart

of the Plaintiffs' case, and the significant risk that Class Counsel would ultimately recover nothing, the

Court found that Class Counsel's fee award should be calculated by using the percentage of the fund

method to cross-check the lodestar figure.  (Doc. 194 at 39-40.)  These concerns are not applicable to

Objector Greenberg's attorneys' fees, however.  Mr. Frank, Objector Greenberg's counsel, entered an

appearance just a matter of months before this approximately five-year litigation concluded.  According

to the billing statements he submitted in support of his Motion for Fees, he and his associate devoted

83.75 hours to this case, compared to the approximately 7475 hours Class Counsel invested.

Consequently, Mr. Frank's investment of time and risk of non-recovery are almost insignificant when

compared to Class Counsel's.  Their roles are qualitatively different.  Ultimately, it is not fair to

compare Mr. Frank's limited role as counsel for an objector in this case to Class Counsel's central role

17

as the architect of the lawsuit and the Settlement Class.

Because of his obviously limited role, the Court need not employ the cross-check method to determine an appropriate attorneys' fee award for Mr. Frank's work.  In fact, this situation calls for the lodestar method, which will fairly compensate Objector Greenberg for Mr. Frank's time and expertise without over-stating his limited role in this marathon litigation.  Even though it involved interesting issues of law and economics, Mr. Frank's work was very straight-forward: he did research in his area of expertise, wrote briefs based on that research, and participated in oral argument.  This is just the sort of legal work that is fairly and accurately reflected in the lodestar analysis.  The lodestar is also the better method because it recognizes the benefit provided to the Settlement Class without requiring the Court to engage in the guesswork of determining what percentage of the reversion should be attributed to the Greenberg Objection.  Accordingly, the Court will calculate the fee award using the lodestar method.

### b.  Lodestar Analysis

The lodestar figure represents reasonable hours multiplied by reasonable rates.  *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).

### i.  Reasonable Rates

Mr. Frank has submitted a declaration with billing records for himself and his associate attached. (Doc. 198-2-3.)  His billing records are organized by date and provide a description of the work done as well as the hours expended. (Doc. 198-3.)  Mr. Frank's billing rate is $600 per hour; his associate bills at $240 per hour.  In his declaration, Mr. Frank recites both attorneys' qualifications and he compares those qualifications and rates to comparable attorneys and to the individual Class Counsel attorneys' credentials and rates. (Doc. 198-2.)  Upon review and full consideration of this information,

18

the Court finds that Mr. Frank and his associate's rates are reasonable under the circumstances of this case for purposes of the lodestar analysis.

### ii.      Reasonable Hours

Mr. Frank and his associate prepared two briefs (Docs. 173, 191), and Mr. Frank actively participated in oral argument at the Final Fairness Hearing.  As a result, Mr. Frank billed 55.1 hours to this matter and his associate billed 28.65 hours for a total of 83.75 hours.  Having reviewed Mr. Frank's submissions, heard his oral presentation, and questioned him rather extensively at the Final Fairness Hearing, the Court finds that 83.75 hours is a reasonable expenditure of time in light of the quality and quantity of the work accomplished.

### iii.      Final Lodestar Figure

Accordingly, the Court accepts the proposed lodestar figure of **$39,963** as the final lodestar figure.

### c.      A Multiplier Is Not Appropriate

Objector Greenberg argues that a multiplier of 2.2 would be appropriate in this case to increase the lodestar figure to $88,000.  He argues that the six-factor *Ramey* test commonly employed by Courts to determine whether a multiplier is justified militate in favor of a multiplier in this case.  (Doc. 198-5 at 13 (citing *Sulzer*, 268 F. Supp. 2d at 930).)  Specifically, he argues that the $2 million reversion is substantially attributable to his work; meritorious objections by attorneys improve the quality of class recovery generally; Mr. Frank took on significant risk because he was paid on contingency fee basis and would have provided his services *pro bono* if the Court did not award fees; and that Mr. Frank's expertise in the area of class action settlements and fee awards is deserving of special consideration. (*Id*. at 13-15.)

In the March 31 Opinion & Order the Court discussed and approved a multiplier of 1.3 for Class Counsel. (Doc. 194 at 43-46.) Applying the same six-factor test, the Court reasoned that Class Counsel is responsible for providing a significant recovery to the Settlement Class under circumstances in which, but for Class Counsel's efforts, it is highly unlikely that any individual class member would have recovered anything. (*Id*.) In addition, the Court noted that multipliers substantially greater than 1.3 have been applied in similar complex, long-standing class action settlements in which class counsel has taken invested years of work in the face of a strong likelihood of recovering nothing. (*Id*. at 46.)

While Objector Greenberg's discussion of the *Ramey* factors arguably offers some support for a multiplier, the factors are remarkably weak when compared to Class Counsel's *Ramey* factor analysis in the March 31 Opinion & Order. And, inexplicably, Objector Greenberg is requesting a significantly higher multiplier. It would be unfair to apply a 2.2 multiplier to Objector Greenberg's lodestar based on a strained *Ramey* factor analysis when the Court has already applied only a 1.3 multiplier to Class Counsel's decidedly strong *Ramey* factor analysis. Simply put, a multiplier is not necessary or appropriate given Objector Greenberg and Mr. Frank's very limited role in this litigation and, again, the fact that Mr. Frank's work was straight-forward and is accurately reflected in the lodestar figure.

Objector Greenberg, moreover, expressly admits in his Motion for Fees that there is a strong presumption that an unenhanced lodestar figure is a reasonable fee. (Doc. 198-5 at 17 (citing *Perdue v. Kenny A.*, __ U.S. __, 130 S. Ct. 1662, (2010).) In *Perdue*, the Supreme Court held that, in statutory fee-shifting civil rights cases governed by 42 U.S.C. § 1988, multipliers are strongly disfavored. *Perdue*, 130 S. Ct. at 1662. As Judge Gwin cogently noted in a recent class action case, *Perdue*:

> provides persuasive caution that multipliers must be reserved for "rare" and "exceptional" circumstances. Although this Court does not read Perdue to prohibit the use of multipliers in class actions, the case does suggest that enhancements are atypical and should not duplicate the same considerations affecting the lodestar rate.

20

*Van Horn v. Nationwide Property & Cas. Ins. Co.*, Case No. 08cv605, 2010 WL 1751995, at \*5 (N.D. Ohio Apr. 30, 2010) (Gwin, J.);[8] *see also Yeagley v. Wells Fargo & Co.*, Case No. C-05-3403 CRB, 2010 WL 2077013, at \*5 (N.D. Cal. May 20, 2010) (citing *Perdue* in support of refusing to apply a multiplier in a class action case).  Consequently, the Court will <u>not</u> apply a multiplier to the $39,936 lodestar figure.

### 3.      The Court Will Not Award Costs

Objector Greenberg requests costs in the amount of $742.86.  (Doc. 198-5 at 15.)  Mr. Frank provided an account of these costs in his affidavit.  (Doc. 198-3 at 3.)  They consist primarily of costs associated with the Final Fairness Hearing, including $233.60 for a copy of the transcript of the hearing, approximately $300 in travel costs from Washington, D.C. to Cleveland, and $101.10 for his *pro hac vice* petition.  The remainder of the costs relate to copies, PACER fees, and postage.  Like Class Counsel, Mr. Frank billed for travel time at his regular rate ($600 per hour for 8.7 hours), which is substantial.  Class Counsel did not request, and the Court did not award, reimbursement of costs to Class Counsel.  In addition, Mr. Frank's billing entries indicate that he billed $240 for reviewing and correcting the transcript he ordered.  Finally, *pro hac vice* fees are generally not recoverable, and their award disfavored.

It is the Court's prerogative to determine whether to award costs.  *See Jones v. Continental Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986).  Consistent with the Court's decision not to award costs to Class Counsel, it will not reimburse Objector Greenberg for Mr. Frank's costs.

## III.     <u>CONCLUSION</u>

---

[8]    Judge Gwin also cited the Court's March 31 Opinion & Order with approval and, in the context of discussing the lodestar multiplier, noted that *Perdue* issued after March 31, 2010.  *Van Horn*, 2010 WL 1751995 at \*6, n.6.

For the foregoing reasons, the Court **GRANTS** Objector Daniel Greenberg's Motion to Reconsider Under Rule 59(e) (Doc. 198) and **AWARDS** Objector Greenberg (1) **$500** as an incentive award; (2) **$39,936** for attorneys' fees. **Both of these awards shall be paid to Objector Daniel Greenberg from the funds available to pay Class Counsel's attorneys' fees.**

/s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Date**: July 21, 2010